# EXHIBIT 1



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR <u>TULSA COUNTY</u>, OKLAHOMA

| | |
|---|---|
| I DIG TEXAS LLC,<br>        Plaintiff,<br>v.<br>CREAGER SERVICES LLC,<br>        Defendant, and<br>KERRY CREAGER,<br>        Defendant. | No. CJ-2022-193<br>**(Civil relief more than $10,000: VIOLATION OF OK.TRADE PRACTICE ACT)**<br><br>Filed: 01/19/2022<br><br><br>Judge: Civil Docket C |

## PARTIES

AMAREKAN MANUFACTURING LLC, 3rd Party Defendant
CREAGER,  KERRY, Defendant
CREAGER SERVICES  LLC, Defendant
I DIG TEXAS  LLC, Plaintiff
MAREK,  THOMAS, 3rd Party Defendant
MAREKA HOLDINGS LLC, 3rd Party Defendant
MARY, 3rd Party Defendant

## ATTORNEYS

| **Attorney** | **Represented Parties** |
|---|---|
| Arrington,  Jonathan (Bar #34607)<br>MCAFEE & TAFT A PROFESSIONAL CORPORATION<br>8th Floor, Two Leadership Square<br>211 North Robinson<br>Oklahoma City, OK 73102 | I DIG TEXAS,   LLC |
| OUBRE,  ZACHARY  A P (Bar #30666)<br>211 N ROBINSON 8TH FLR 2 LEADERSHIP SQ<br>OKC, OK 73102 | I DIG TEXAS,   LLC |

**Attorney**                                              **Represented Parties**

SHINN, RONALD T JR (Bar #19569)                           I DIG TEXAS, LLC
MCAFEE & TAFT A PROFESSIONAL CORPORATION
10TH FLOOR, TWO LEADERSHIP SQUARE
211 NORTH ROBINSON
OKLAHOMA CITY, OK 73102

# EVENTS

None

# ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**        Issue: VIOLATION OF OK.TRADE PRACTICE ACT (OTHER)
                      Filed By: I DIG TEXAS LLC
                      Filed Date: 01/19/2022

                      **Party Name**                    **Disposition Information**
                      **Defendant:**
                      CREAGER SERVICES LLC
                      **Defendant:**  CREAGER, KERRY
                      **3rd Party Defendant:**
                      AMAREKAN MANUFACTURING LLC
                      **3rd Party Defendant:**
                      MAREKA HOLDINGS LLC
                      **3rd Party Defendant:**
                      MAREK, THOMAS
                      **3rd Party Defendant:**  MARY, MARY

**Issue # 2.**        Issue: COPYRIGHT INFRINGEMENT C/C (OTHER)
                      Filed By: CREAGER SERVICES LLC
                      Filed Date: 02/25/2022

                      **Party Name**          **Disposition Information**
                      **Plaintiff:**
                      I DIG TEXAS LLC

**Issue # 3.**        Issue: COPYRIGHT INFRINGEMENT C/C (OTHER)
                      Filed By: CREAGER, KERRY
                      Filed Date: 02/25/2022

                      **Party Name**          **Disposition Information**
                      **Plaintiff:**
                      I DIG TEXAS LLC

**Issue # 4.**        Issue: INDUCEMENT OF COPYRIGHT INFRINGEMENT C/C (OTHER)
                      Filed By: CREAGER SERVICES LLC
                      Filed Date: 02/25/2022

                      Party Name          Disposition Information
                      **Plaintiff:**
                      I DIG TEXAS LLC

**Issue # 5.**        Issue: INDUCEMENT OF COPYRIGHT INFRINGEMENT C /C (OTHER)
                      Filed By: CREAGER, KERRY
                      Filed Date: 02/25/2022

                      Party Name          Disposition Information
                      **Plaintiff:**
                      I DIG TEXAS LLC

**Issue # 6.**        Issue: FEDERAL UNFAIR COMPETITION & FALSE DESIGATION OF ORIGIN C /C (OTHER)
                      Filed By: CREAGER SERVICES LLC
                      Filed Date: 02/25/2022

                      Party Name          Disposition Information
                      **Plaintiff:**
                      I DIG TEXAS LLC

**Issue # 7.**        Issue: FEDERAL UNFAIR CAMPETITON AND FALSE DESIGNATION OF ORIGIN C/C (OTHER)
                      Filed By: CREAGER, KERRY
                      Filed Date: 02/25/2022

                      Party Name          Disposition Information
                      **Plaintiff:**
                      I DIG TEXAS LLC

**Issue # 8.**        Issue: VIOLATION OF OKLAHOMA DECEPTIVE TRADE PRACTICES ACT C /C (OTHER)
                      Filed By: CREAGER SERVICES LLC
                      Filed Date: 02/25/2022

                      Party Name          Disposition Information
                      **Plaintiff:**
                      I DIG TEXAS LLC

**Issue # 9.**        Issue: VIOLATION OF OKLAHOMA DECEPTIVE TRADE PRACTICES ACT C /C (OTHER)
                      Filed By: CREAGER, KERRY
                      Filed Date: 02/25/2022

                      Party Name          Disposition Information
                      **Plaintiff:**
                      I DIG TEXAS LLC

**Issue # 10.**       Issue: OKLAHOMA COMMON LAW UNFAIR COMPETITION C/C (OTHER)
                      Filed By: CREAGER SERVICES LLC
                      Filed Date: 02/25/2022

                      Party Name          Disposition Information

**Plaintiff:**
I DIG TEXAS LLC

**Issue # 11.**   Issue: OKLAHOMA COMMON LAW UNFAIR COMPETITION C/C (OTHER)
Filed By: CREAGER, KERRY
Filed Date: 02/25/2022

| Party Name | Disposition Information |
|---|---|

**Plaintiff:**
I DIG TEXAS LLC

**Issue # 12.**   Issue: THIRD-PARTY PETITION (OTHER)
Filed By: CREAGER SERVICES LLC
Filed Date: 02/25/2022

| Party Name | Disposition Information |
|---|---|

**3rd Party Defendant:**
AMAREKAN MANUFACTURING LLC

**3rd Party Defendant:**
MAREKA HOLDINGS LLC

**3rd Party Defendant:**
MAREK, THOMAS

**3rd Party Defendant:** MARY, MARY

**Issue # 13.**   Issue: THIRD-PARTY PETITION (OTHER)
Filed By: CREAGER, KERRY
Filed Date: 02/25/2022

| Party Name | Disposition Information |
|---|---|

**3rd Party Defendant:**
AMAREKAN MANUFACTURING LLC

**3rd Party Defendant:**
MAREKA HOLDINGS LLC

**3rd Party Defendant:**
MAREK, THOMAS

**3rd Party Defendant:** MARY, MARY

# DOCKET

| Date | Code | Description | Party | Count | Amount |
|---|---|---|---|---|---|
| 01-19-2022 | [ TEXT ] | | | #1 | |
| | | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | |
| 01-19-2022 | [ OTHER ] | | | | |
| | | VIOLATION OF OK DECEPTIVE TRADE PRACTICES ACT | | | |
| 01-19-2022 | [ DMFE ] | | | | $ 7.00 |
| | | DISPUTE MEDIATION FEE | | | |

| Date | Code | | Amount |
|---|---|---|---|
| 01-19-2022 | **[ PFE1 ]** | | $ 163.00 |
| | PETITION | | |
| | Document Available (#1051171395) 🗋TIFF  🅰PDF | | |
| 01-19-2022 | **[ PFE7 ]** | | $ 6.00 |
| | LAW LIBRARY FEE | | |
| 01-19-2022 | **[ OCISR ]** | | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | |
| 01-19-2022 | **[ OCJC ]** | | $ 1.55 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | |
| 01-19-2022 | **[ OCASA ]** | | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | |
| 01-19-2022 | **[ SSFCHSCPC ]** | | $ 10.00 |
| | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | |
| 01-19-2022 | **[ CCADMINCSF ]** | | $ 1.00 |
| | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | |
| 01-19-2022 | **[ CCADMIN0155 ]** | | $ 0.16 |
| | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | |
| 01-19-2022 | **[ SJFIS ]** | | $ 0.45 |
| | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | |
| 01-19-2022 | **[ DCADMIN155 ]** | | $ 0.23 |
| | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | |
| 01-19-2022 | **[ DCADMIN05 ]** | | $ 0.75 |
| | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | |
| 01-19-2022 | **[ DCADMINCSF ]** | | $ 1.50 |
| | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | |
| 01-19-2022 | **[ CCRMPF ]** | | $ 10.00 |
| | COURT CLERK'S RECORDS MANAGEMENT AND PRESERVATION FEE | | |
| 01-19-2022 | **[ CCADMIN04 ]** | | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | |
| 01-19-2022 | **[ LTF ]** | | $ 10.00 |
| | LENGTHY TRIAL FUND | | |
| 01-19-2022 | **[ SMF ]** | | $ 20.00 |
| | SUMMONS FEE (CLERKS FEE) -2 | | |
| 01-19-2022 | **[ SMIMA ]** | | |
| | SUMMONS ISSUED - MAILED BY ATTORNEY | | |
| 01-19-2022 | **[ EAA ]** | I DIG TEXAS LLC 👤 | |
| | ENTRY OF APPEARANCE | | |
| | Document Available (#1051170048) 🗋TIFF  🅰PDF | | |

**01-19-2022** **[ TEXT ]**

OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CIVIL DOCKET C TO THIS CASE.

**01-19-2022** **[ ACCOUNT ]**

RECEIPT # 2022-4311322 ON 01/19/2022.
PAYOR: MCAFEE & TAFT TOTAL AMOUNT PAID: $ 262.14.
LINE ITEMS:
CJ-2022-193: $183.00 ON AC01 CLERK FEES.
CJ-2022-193: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL.
CJ-2022-193: $1.66 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2022-193: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2022-193: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2022-193: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY.
CJ-2022-193: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS.
CJ-2022-193: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND.
CJ-2022-193: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2022-193: $10.00 ON AC81 LENGTHY TRIAL FUND.
CJ-2022-193: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY.
CJ-2022-193: $10.00 ON AC89 COURT CLERK'S RECORDS MANAGEMENT AND PRESERVATION FEE.

**02-08-2022** **[ RET ]**

RETURN OF SERVICE BY CERTIFIED MAIL
Document Available (#1051441653) 🗋TIFF  🅐PDF

**02-11-2022** **[ S ]**                                                            CREAGER, KERRY 👤

PARTY HAS BEEN SUCCESSFULLY SERVED / RETURN OF SERVICE BY CERTIFIED MAIL -
SUMMONS AND PETITION / KERRY CREAGER / ON 2-4-22
Document Available (#1051444054) 🗋TIFF  🅐PDF

**02-14-2022** **[ MO ]**                                                            I DIG TEXAS LLC 👤

MOTION TO ENTER DEFAULT JUDGMENT / C TO J
Document Unavailable (#1051444159)

**02-25-2022** **[ SMF ]**                                                                      $ 40.00

SUMMONS FEE - 4

**02-25-2022** **[ MO ]**                                                            I DIG TEXAS LLC 👤

MOTION TO ENTER DEFAULT JUDGMENT
Document Available (#1051448505) 🗋TIFF  🅐PDF

**02-25-2022** **[ ANMS ]**                                                          I DIG TEXAS LLC 👤

AFFIDAVIT AS TO MILITARY SERVICE
Document Available (#1051448501) 🗋TIFF  🅐PDF

**02-25-2022** **[ A ]**                                                           CREAGER SERVICES LLC 👤

DEFENDANTS CREAGER SERVICES LL AND KERRY CREAGER'S ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIMS AND THIRD-PARTY PETITION / CERTIFICAET OF SERVICE
Document Available (#1051448297) 🗋TIFF  🅐PDF

**02-25-2022** **[ EAA ]**                                                         CREAGER SERVICES LLC 👤

ENTRY OF APPEARANCE / EVAN TALLEY ENTERING AS COUNSEL / W-CS / CERTIFICATE OF
SERVICE
Document Available (#1051448293) 🗋TIFF  🅐PDF

RECEIPT # 2022-4325064 ON 02/25/2022.

PAYOR: BRIAN SMITH TOTAL AMOUNT PAID: $ 40.00.

LINE ITEMS:

CJ-2022-193: $40.00 ON AC01 CLERK FEES.

*1051171395*

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

I DIG TEXAS, LLC, a Texas limited liability )
company; )
                        )
         Plaintiff, )
                        )
v. )
                        )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; and )
KERRY CREAGER, an individual; )
                        )
         Defendants. )

**William D. LaFortune**

# CJ-2022-00193

Case No.

DISTRICT COURT
**F I L E D**

JAN 19 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## PETITION

Plaintiff I Dig Texas, LLC ("Plaintiff"), for its Petition against Creager Services, LLC

d/b/a Creager Equipment and Kerry Creager ("Defendants"), alleges and states as follows:

## JURISDICTION, VENUE AND PARTIES

1.     Plaintiff is a Texas limited liability company with its principal place of business

in Burnet County, Texas.

2.     Creager Services, LLC d/b/a Creager Equipment ("Creager Services") is an

Oklahoma limited liability company which, upon information and belief, has its principal place

of business in Washington County, Oklahoma and does business in Tulsa County, Oklahoma.

3.     Kerry Creager ("Creager") is an individual who, upon information and belief,

resides in Oklahoma and is the President and sole owner of Creager Services and/or has

ownership in and operates Creager Services.

4.     The Court has jurisdiction over the parties and venue is proper.

## GENERAL ALLEGATIONS

5.      Plaintiff is engaged in the business of, among other things, advertising, selling and distributing machinery throughout the States of Texas and Oklahoma.

6.      Creager Services is a competitor of Plaintiff which sells and distributes machinery within the States of Texas and Oklahoma.

7.      Since at least April 2021, Creager, on behalf of himself and/or as an agent of Creager Services, has disseminated statements about Plaintiff and its business to actual and potential third-party customers and suppliers, including at least the following:

      a.      one or more advertisements on Craigslist.com asserting that Plaintiff's advertising of its Texas Post Drivers product being "Made in America" is false and deceptive when, in fact, it is not, as Plaintiff notes in its advertising when and if certain parts and/or models of Texas Post Drivers are not "Made in America";

      b.      one or more advertisements on Craigslist.com and Facebook.com referencing prior litigation among Thomas Marek, the owner of Plaintiff, and a third party over rights in real property and alluding or otherwise insinuating that said lawsuit involved Plaintiff or reinforced Creager's contentions of Plaintiff's allegedly false advertising, despite the aforementioned litigation being a private dispute concerning rights in real property that had nothing to do with Plaintiff or its advertising; and

      c.      upon information and belief, multiple Google Reviews from different accounts providing unfavorable reviews about Plaintiff concerning business transactions that, to Plaintiff's knowledge, did not take place; and

8.      Defendants' unlawful conduct has caused and will continue to cause Plaintiff harm in an amount to be determined at trial.

2

9.      Further, upon information and belief, the foregoing is not exhaustive of the unlawful, unfair and deceptive trade practices engaged in by Defendants and additional acts and/or omissions of Defendants in violation of Oklahoma law shall be uncovered in the course of discovery.

## COUNT I
### Violation of the Oklahoma Deceptive Trade Practices Act

10.     Plaintiff re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

11.     Defendants' aforementioned acts constitute a violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51 *et seq.*, including not limited to, the following:

> a.      knowingly making a false representation as to the characteristics, ingredients, uses, benefits or quantities of goods or services or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith in violation of 78 Okla. Stat. § 53(A)(5);

> b.      representing that goods or services are a particular standard, quality, or grade, or that goods are a particular style or model, if they are another in violation of 78 Okla. Stat. § 53(A)(7); and

> c.      disparaging the goods, services, or business of another by false or misleading representation of fact in violation of 78 Okla. Stat. § 53(A)(8).

12.     Defendants' activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' unlawful and deceptive trade practices.

13.     As a direct and proximate result of Defendants' deceptive trade practices, Plaintiff has suffered and will continue to suffer economic loss in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, a disgorgement of Defendants' profits, interest, costs and its attorneys' fees.

14.     In addition, upon information and belief, Defendants' deceptive trade practices are and were malicious, wanton, reckless, willful, oppressive, and/or done with the intent to injure Plaintiff and its business, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

## COUNT II
## Tortious Interference

15.     Plaintiff restates and incorporates by reference each preceding paragraph in this Petition.

16.     Defendants have made false and/or inaccurate representations concerning Plaintiff to Plaintiff's actual and/or prospective customers as well as Plaintiff's current and former staff.

17.     Defendants have deliberately interfered with Plaintiff's existing and/or prospective business relationships.

18.     Defendants' conduct constitutes tortious interference in violation of Oklahoma law.  Defendants' tortious interference was malicious and not privileged, justified or excusable.

19.     Defendants' activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' tortious interference.

20.     As a direct and proximate result of Defendants' tortious interference, Plaintiff has suffered economic losses in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, interest, costs and its attorneys' fees.

4

21.     In addition, upon information and belief, Defendants' tortious interference was malicious, wanton, reckless, willful and/or done with the intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

**COUNT III**
**Unfair Competition**

22.     Plaintiff re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

23.     The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Oklahoma.

24.     Such activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' unfair competition.

25.     As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer economic loss in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, as well as interest, costs and its attorneys' fees.

26.     In addition, upon information and belief, Defendants' unfair competition was malicious, wanton, reckless, willful and/or done with the intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

**COUNT IV**
**Defamation**

27.     Plaintiff restates and incorporates by reference each preceding paragraph in this Petition.

28.     Defendants have made false statements regarding Plaintiff and Plaintiff's business to Plaintiff's customers and staff with the intent to injure Plaintiff.

29.     Defendants' conduct constitutes defamation in violation of Oklahoma law.

5

30.     Such activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' defamation.

31.     As a direct and proximate result of Defendants' defamation, Plaintiff has suffered economic losses in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, interest, costs and its attorneys' fees.

32.     In addition, upon information and belief, Defendants' defamation was malicious, wanton, reckless, willful and/or done with intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff I Dig Texas, LLC requests that the Court enter judgment in its favor as follows:

A.      That judgment be entered in favor of Plaintiff and against Defendants;

B.      That Defendants be ordered to pay all damages incurred by Plaintiff as a direct and proximate result of Defendants' unlawful behavior, as well as exemplary damages, in each case to be determined at trial, together with interest and costs;

C.      That Plaintiff be awarded its attorneys' fees in pursuing this litigation and be granted all other legal and equitable relief to which it is entitled.

Ronald T. Shinn Jr., OBA #19569
Zachary A.P. Oubre, OBA #30666
Nathan Arrington, OBA # 34607
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102
Telephone:     (405) 235-9621
Facsimile:      (405) 235-0439
ron.shinn@mcafeetaft.com
zach.oubre@mcafeetaft.com
nate.arrington@mcafeetaft.com
**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**



**DISTRICT COURT**
**F I L E D**

JAN **1 9** 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

I DIG TEXAS, LLC, a Texas limited liability )
company; )
                            )
            Plaintiff, )
                            )
v. )
                            )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; and )
KERRY CREAGER, an individual; )
                            )
            Defendants. )

**CJ-2022-00193**

Case No.

**William D. LaFortune**

**ENTRY OF APPEARANCE**

      Ronald T. Shinn, Jr., Zachary A.P. Oubre, and Nathan Arrington of the firm

Taft A Professional Corporation, hereby enter their appearances as counsel for Pla[...]

above-styled action.

                                Respectfully submitted,

                                _____

                                Ronald T. Shinn Jr., OBA #19569
                                Zachary A.P. Oubre, OBA #30666
                                Nathan Arrington, OBA # 34607
                                McAfee & Taft A Professional Corporati[...]
                                8th Floor, Two Leadership Square
                                211 North Robinson Avenue
                                Oklahoma City, OK  73102
                                Telephone:    (405) 235-9621
                                Facsimile:    (405) 235-0439
                                ron.shinn@mcafeetaft.com
                                zach.oubre@mcafeetaft.com
                                nate.arrington@mcafeetaft.com
                                **ATTORNEYS FOR PLAINTIFF**





# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

I DIG TEXAS, LLC, a Texas limited liability company;

    Plaintiff,

v.

CREAGER SERVICES, LLC, an Oklahoma limited liability company; and
KERRY CREAGER, an individual;

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CJ-2022-193

**DISTRICT COURT**
**FILED**

FEB - 8 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## RETURN OF SERVICE BY CERTIFIED MAIL

STATE OF OKLAHOMA    )
                         ) ss
OKLAHOMA COUNTY     )

I certify that I mailed a copy of the Summons and Petition in the above-styled case by sending the documents Certified Mail-Return Receipt, Restricted Delivery, Receipt Number 92154969009997901211167078 on January 19, 2022, to the within named:

**CREAGER SERVICES, LLC**
c/o Legalinc Corporate Services Inc.
624 S. Denver Ave, Ste. 300A
Tulsa, OK 74119

Service was accomplished on January 21, 2022. The Summons and signed return receipt are attached.

Ginger E. Schones, Paralegal
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
(405) 235-9621 (telephone)
(405) 235-0439 (facsimile)
ginger.schones@mcafeetaft.com

Subscribed to and sworn before me this 1st day of February, 2022.
My commission expires: _____
My commission number: _____

Notary Public

SANDY J. LEWIS
NOTARY
# 99019720
EXP. 01/18/24
STATE OF OKLAHOMA
PUBLIC

30318295_1

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

|  |  |
|---|---|
| I DIG TEXAS, LLC, a Texas limited liability company; | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| CREAGER SERVICES, LLC, an Oklahoma limited liability company; and KERRY CREAGER, an individual; | ) ) ) ) ) |
| Defendants. | ) ) |

Case No.

# CJ-2022-00193

William D. LaFortune

### SUMMONS

To:   **CREAGER SERVICES, LLC**
c/o Legalinc Corporate Services Inc.
624 S. Denver Ave, Ste. 300A
Tulsa, OK 74119

You have been sued by the Plaintiff, and you are directed to file a written answer to the attached Petition in the court at the above address within twenty (20) days after the service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the Plaintiff.

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

ISSUED this Pl day of JAN , 2022.

DON NEWBERRY, Court Clerk
Tulsa County Court Clerk

By: _____
Deputy Court Clerk

(SEAL)
Ronald T. Shinn Jr., OBA #19569
Zachary A.P. Oubre, OBA #30666
Nathan Arrington, OBA # 34607
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone:   (405) 235-9621

Summons - Creager Services

Facsimile:    (405) 235-0439
ron.shinn@mcafeetaft.com
zach.oubre@mcafeetaft.com
nate.arrington@mcafeetaft.com
***Attorneys for Plaintiff***


This Summons was served on _____

(Date of Service)

_____

(Signature of person serving Summons)

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

Summons - Creager Services

**SENDER:** *COMPLETE THIS SECTION*

■ 9215 4969 0099 9790 1211 1670 78
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CREAGER SERVICES, LLC
C/O LEGALINC CORPORATE SERVICES, INC.
624 S. DENVER AVENUE
SUITE 300A
TULSA, OK 74119

9290 9869 0099 9711 1670 63

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Pat Hu* ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
*Pat Huitim*    1-21-22

D. Is delivery address different from item 1? ☐ Yes
If YES enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
Code2: 1/19/22 TH

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

Reorder Form LCD-811R rev. 05/15

---

**U.S. Postal Service™**
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

9215 4969 0099 9790 1211 1670 78

| Certified Mail Fee | |
|---|---|
| $ | $1.160 |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $ $3.75 |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ $3.05 |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $6.00 |
| $ | |
| Total Postage and Fees | $13.960 |
| $ | |

Postmark Here

Sent To    CREAGER SERVICES, LLC
C/O LEGALINC CORPORATE SERVICES, INC.
Street, Apt. No.,    624 S. DENVER AVENUE
or PO Box No.    SUITE 300A
City, State, Zip+4    TULSA, OK 74119

Code2: 1/19/22 TH    C/o, e: GINGER SCHONES - 31188.00006

PS Form 3800, April 2015    See Reverse for Instructions

DISTRICT COURT
F I L E D

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

FEB 2 5 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

I DIG TEXAS, LLC, a Texas limited liability )
Company;                                    )
                                            )
                    Plaintiff,              )
                                            )
vs.                                         ) Case NO. CJ-2022-00193
                                            )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; and             )
KERRY CREAGER, an individual;              )
                                            )
                    Defendants.             )
_____  )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company;                 )
                                            )
                                            )
                    Defendant/Counter-      )
                    Plaintiff/ Third-Party  )
                    Plaintiff,              )
                                            )
                                            )
I DIG TEXAS, LLC, a Texas limited          )
liability company;                         )
                                            )
                    Counter-Defendant,      )
                                            )
AND                                         )
                                            )
AMAREKAN MANUFACTURING, LLC., )
a Texas limitedliability company; MAREKA )
HOLDINGS, LLC, a Texas limited liability   )
company; THOMAS MAREK, an                  )
individual; and MARY MAREK,                )
an individual;                             )
                                            )
                    Third-Party Defendants. )

## DEFENDANTS CREAGER SERVICES, LLC
## AND KERRY CREAGER'S ANSWER, AFFIRMATIVE
## DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY PETITION

Defendants Creager Services, LLC ("Creager Services") and Kerry Creager (collectively "Creager Parties") submit their answer, affirmative defenses, and counterclaims to Plaintiff's Petition, and state as follows:

## JURISDICTION, VENUE AND PARTIES

1.    Plaintiff is a Texas limited liability company with its principal place of business in Burnet County, Texas.

**ANSWER**:  Creager Parties are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 1 of Plaintiff's Petition and therefore deny the same.

2.    Creager Services, LLC d/b/a Creager Equipment ("Creager Services") is an Oklahoma limited liability company which, upon information and belief, has its principal place of business in Washington County, Oklahoma and does business in Tulsa County, Oklahoma.

**ANSWER**:  Creager Parties admit the allegations of paragraph 2 of the Petition.

3.    Kerry Creager ("Creager") is an individual who, upon information and belief, resides in Oklahoma and is the President and sole owner of Creager Services and/or has ownership in and operates Creager Services.

**ANSWER**:  Creager Parties admit the allegations of paragraph 3 of the Petition.

4.    The Court has jurisdiction over the parties and venue is proper.

**ANSWER**:  Creager Parties admit that this Court has jurisdiction over the Creager parties. However, Creager Parties, as explained in the below counterclaims, deny that this is the appropriate venue in which to litigate this dispute between the parties.

2

## GENERAL ALLEGATIONS

5.     Plaintiff is engaged in the business of, among other things, advertising, selling and distributing machinery throughout the States of Texas and Oklahoma.

**ANSWER**:  Creager Parties are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 5 of Plaintiff's Petition and therefore deny the same.

6.     Creager Services is a competitor of Plaintiff which sells and distributes machinery within the States of Texas and Oklahoma.

**ANSWER**:  Creager Services admits to selling and distributing "machinery" within the States of Texas and Oklahoma. Mr. Creager denies that he individually sells or distributes "machinery." Paragraph 8 of the Petition also asks for a legal conclusion as to "competitor," and therefore, Creager Parties deny that allegation. Creager Parties are without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 of Plaintiff's Petition and therefore deny the same.

7.     Since at least April 2021, Creager, on behalf of himself and/or as an agent of Creager Services, has disseminated statements about Plaintiff and its business to actual and potential third-party customers and suppliers, including at least the following:

a. one or more advertisements on Craigslist.com asserting that Plaintiff's advertising of its Texas Post Drivers product being "Made in America" is false and deceptive when, in fact, it is not, as Plaintiff notes in its advertising when and if certain parts and/or models of Texas Post Drivers are not "Made in America";

**ANSWER**:  Creager Parties deny the allegations of paragraph 7(a) of the Petition.

b. one or more advertisements on Craigslist.com and Facebook.com referencing prior litigation among Thomas Marek, the owner of Plaintiff, and a third party over rights in real property and alluding or otherwise insinuating that said lawsuit involved Plaintiff or reinforced Creager's contentions of Plaintiff's allegedly false advertising, despite the aforementioned litigation being a private

3

dispute concerning rights in real property that had nothing to do with Plaintiff or its advertising; and

**ANSWER**:    Creager Parties deny the allegations of paragraph 7(b) of the Petition.

c.  upon information and belief, multiple Google Reviews from different accounts providing unfavorable reviews about Plaintiff concerning business transactions that, to Plaintiff's knowledge, did not take place; and

**ANSWER**:    Creager Parties deny the allegations of paragraph 7(c) of the Petition.

8.    Defendants' unlawful conduct has caused and will continue to cause Plaintiff harm in an amount to be determined at trial.

**ANSWER**:    Paragraph 8 of the Petition asks for a legal conclusion, and therefore, Creager Parties deny the allegations in Paragraph 8 of the Petition.

9.    Further, upon information and belief, the foregoing is not exhaustive of the unlawful, unfair and deceptive trade practices engaged in by Defendants and additional acts and/or omissions of Defendants in violation of Oklahoma law shall be uncovered in the course of discovery.

**ANSWER**:    Creager Parties deny the allegations of paragraph 9 of the Petition.

## COUNT I
### Violation of the Oklahoma Deceptive Trade Practices Act

10. Plaintiff re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

**ANSWER**:    Creager Parties incorporate by reference and re-allege each and every Answer to Plaintiff's allegations contained in numerical Paragraphs 1 through 9 as though fully set forth herein.

11.    Defendants' aforementioned acts constitute a violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51 et seq., including not limited to, the following:

a.  knowingly    making a false representation    as to the characteristics, ingredients, uses, benefits or quantities of goods or services or a false

4

representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith in violation of 78 Okla. Stat. § 53(A)(5);

**ANSWER:** Paragraph 11(a) of the Petition asks for a legal conclusion, and therefore, Creager Parties deny the allegations in Paragraph 11(a) of the Petition.

b. representing that goods or services are a particular standard, quality, or grade, or that goods are a particular style or model, if they are another in violation of 78 Okla. Stat. § 53(A)(7); and

**ANSWER:** Paragraph 11(b) of the Petition asks for a legal conclusion, and therefore, Creager Parties deny the allegations in Paragraph 11(b) of the Petition.

c. disparaging the goods, services, or business of another by false or misleading representation of fact in violation of 78 Okla. Stat. § 53(A)(8).

**ANSWER:** Paragraph 11(c) of the Petition asks for a legal conclusion, and therefore, Creager Parties deny the allegations in Paragraph 11(c) of the Petition.

12. Defendants' activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' unlawful and deceptive trade practices.

**ANSWER:** Paragraph 12 of the Petition asks for a legal conclusion, and therefore, Creager Parties deny the allegations in Paragraph 12 of the Petition.

13. As a direct and proximate result of Defendants' deceptive trade practices, Plaintiff has suffered and will continue to suffer economic loss in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, a disgorgement of Defendants' profits, interest, costs and its attorneys' fees.

**ANSWER:** Creager Parties deny the allegations of paragraph 13 of the Petition.

14. In addition, upon information and belief, Defendants' deceptive trade practices are and were malicious, wanton, reckless, willful, oppressive, and/or done with the intent to injure Plaintiff and its business, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

**ANSWER:** Creager Parties deny the allegations of paragraph 14 of the Petition.

5

## COUNT II
### Tortious Interference

15.    Plaintiff restates and incorporates by reference each preceding paragraph in this Petition.

**ANSWER:**   Creager Parties incorporate by reference and re-allege each and every

Answer to Plaintiff's allegations contained in numerical Paragraphs 1 through 14 as though

fully set forth herein.

16.    Defendants have made false and/or inaccurate representations concerning Plaintiff to Plaintiff's actual and/or prospective customers as well as Plaintiff's current and former staff.

**ANSWER:**   Creager Parties deny the allegations of paragraph 16 of the Petition.

17.    Defendants have deliberately interfered with Plaintiff s existing and/or prospective business relationships.

**ANSWER:**   Creager Parties deny the allegations of paragraph 17 of the Petition.

18.    Defendants' conduct constitutes tortious interference in violation of Oklahoma law. Defendants' tortious interference was malicious and not privileged, justified or excusable.

**ANSWER:**   Paragraph 18 of the Petition asks for a legal conclusion, and therefore,

Creager Parties deny the allegations in Paragraph 18 of the Petition.

19.    Defendants' activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' tortious interference.

**ANSWER:**   Paragraph 19 of the Petition asks for a legal conclusion, and therefore,

Creager Parties deny the allegations in Paragraph 19 of the Petition.

20.    As a direct and proximate result of Defendants' tortious interference, Plaintiff has suffered economic losses in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, interest, costs and its attorneys' fees.

6

**ANSWER**:   Creager Parties deny the allegations of paragraph 20 of the Petition.

21.   In addition, upon information and belief, Defendants' tortious interference was malicious, wanton, reckless, willful and/or done with the intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

**ANSWER**:   Creager Parties deny the allegations of paragraph 21 of the Petition.

## COUNT III
## Unfair Competition

22.   Plaintiff re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

**ANSWER**:   Creager Parties incorporate by reference and re-allege each and every

Answer to Plaintiff's allegations contained in numerical Paragraphs 1 through 21 as though

fully set forth herein

23.   The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Oklahoma.

**ANSWER**:   Paragraph 23 of the Petition asks for a legal conclusion, and therefore,

Creager Parties deny the allegations in Paragraph 23 of the Petition.

24.   Such activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' unfair competition.

**ANSWER**:   Paragraph 24 of the Petition asks for a legal conclusion, and therefore,

Creager Parties deny the allegations in Paragraph 24 of the Petition

25.   As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer economic loss in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, as well as interest, costs and its attorneys' fees.

**ANSWER**:   Creager Parties deny the allegations of paragraph 25 of the Petition.

26.     In addition, upon information and belief, Defendants' unfair competition was malicious, wanton, reckless, willful and/or done with the intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

**ANSWER:**   Creager Parties deny the allegations of paragraph 26 of the Petition.

## COUNT IV
### Defamation

27.     Plaintiff restates and incorporates by reference each preceding paragraph in this Petition.

**ANSWER:**   Creager Parties incorporate by reference and re-allege each and every

Answer to Plaintiff's allegations contained in numerical Paragraphs 1 through 26 as though

fully set forth herein.

28.     Defendants have made false statements regarding Plaintiff and Plaintiff s business to Plaintiff s customers and staff with the intent to injure Plaintiff.

**ANSWER:**   Creager Parties deny the allegations of paragraph 28 of the Petition.

29.     Defendants' conduct constitutes defamation in violation of Oklahoma law.

**ANSWER:**   Paragraph 29 of the Petition asks for a legal conclusion, and therefore,

Creager Parties deny the allegations in Paragraph 29 of the Petition.

30.     Such activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' defamation.

**ANSWER:**   Paragraph 30 of the Petition asks for a legal conclusion, and therefore,

Creager Parties deny the allegations in Paragraph 30 of the Petition.

31.     As a direct and proximate result of Defendants' defamation, Plaintiff has suffered economic losses in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, interest, costs and its attorneys' fees.

**ANSWER:**   Creager Parties deny the allegations of paragraph 31 of the Petition.

8

32.    In addition, upon information and belief, Defendants' defamation was malicious, wanton, reckless, willful and/or done with intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

**ANSWER**:    Creager Parties deny the allegations of paragraph 32 of the Petition.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

In response to Plaintiff's prayer for relief, Creager Parties deny each and every allegation contained therein and, further, Creager Parties specifically deny that Plaintiff is entitled to any of the relief requested in the Petition; specifically deny that Plaintiff has been damaged by any acts of Creager Parties in any way or that Plaintiff is entitled to any award of damages, costs, expenses, interest or of enhanced damages; and specifically deny that Plaintiff is entitled to attorney's fees.

## RESPONSE PLAINTIFF'S DEMAND FOR A JURY TRIAL

Plaintiff's demand for a jury trial is not a factual allegation, and Creager Parties accordingly are not required to provide a response.

## CREAGER PARTIES' AFFIRMATIVE DEFENSES

Creager Parties allege the following as separate and affirmative defenses to the Plaintiff's Petition. By virtue of having listed the following defenses, Creager Parties do not assume any legal or factual burden not otherwise assigned to it under the law:

1.    Plaintiff's claims fail to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred by reason of estoppel, waiver, or laches.

3.    Plaintiff's claims are barred by reason of unclean hands.

4.    Plaintiff's claims were not filed to protect any legitimate legal rights of Plaintiff, but to harass, oppress, and damage Creager Parties.

9

5.     Creager Parties acted in good faith at all times.

Creager Parties reserve the right to assert additional defenses learned through discovery in this action.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## CREAGER SERVICES' COUNTERCLAIMS AND THIRD-PARTY PETITION

For its Counterclaims and Third-Party Claims of copyright infringement, inducement of copyright infringement, federal unfair competition and false designation of origin, violations of the Oklahoma Deceptive Trade Practices Act, and Oklahoma common law unfair competition law, Creager Services complains and alleges against Plaintiff/Counter-Defendant I Dig Texas, LLC, and additional Third-party Defendants Amarekan Manufacturing, LLC., Mareka Holdings, LLC, Thomas Marek, and Mary Marek (collectively, with I Dig Texas, LLC, "Marek Parties"), and states as follows:

### THE PARTIES

1.      Upon information and belief, I Dig Texas, LLC is a limited liability company organized and existing under the laws of the State of Texas and having a place of business at 4021 US-281 South Marble Falls, TX 78654.

2.      Upon information and belief, Third-Party Defendant Amarekan Manufacturing, LLC is a limited liability company organized and existing under the laws of the State of Texas and having a place of business at 4021 US-281 South Marble Falls, TX 78654. Also, upon information and belief, American Manufacturing, LLC maintains a place of business at 1220 Industrial Parkway, Dewey, OK 74029.

3.      Upon information and belief, Third-Party Defendant Mareka Holdings, LLC is a limited liability company organized and existing under the laws of the State of Texas and having a place of business at 4021 US-281 South Marble Falls, TX 78654.

4.      Upon information and belief, Third-Party Defendant Thomas Marek is a resident of the State of Texas.

11

5.     Upon information and belief, Third-Party Defendant Mary Marek is a resident of the State of Texas.

6.     Defendant/Counter-Plaintiff/Third-Party Plaintiff Creager Services, LLC is a limited liability company organized and existing under the laws of the State of Oklahoma, having a place of business at 396963 W 1300 Road, Dewey, OK 74029.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over Creager Services' claims for violations of the Oklahoma Deceptive Trade Practices Act and Oklahoma common law unfair competition law. This Court has further jurisdiction over Creager Parties' counterclaims and third-party claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* for federal unfair competition and false designation of origin.

8.     This Court does not have subject matter jurisdiction over Creager Services' counterclaims and third-party claims of copyright infringement and inducement of copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, pursuant to 28 U.S.C. § 1338(a). Only the district courts of the United States have subject matter jurisdiction over those claims. *Id.*

9.     This Court has personal jurisdiction over the Marek Parties, which conduct business within the State of Oklahoma and within this District. Additionally, at least some of the harm caused by Marek Parties' contacts was directed to and felt by Creager Services within the State of Oklahoma and within this District.

10.     Venue is proper in this district because Plaintiff/Counter-Defendant I DIG Texas, LLC, brought this action in this Court and thereby consented to venue. Moreover,

12

venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(a) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein have occurred, and continue to occur, in this judicial district. At least one Third-Party Defendant or Third-Party Defendant also maintains a place of business in this District.

## FACTUAL ALLEGATIONS

### The Marek Parties' Unlawful Conduct and Trade Practices

11.    Creager Services is a company in the business of buying, leasing, selling, renting, and distributing industrial equipment parts, such as skid steer attachments, for use with industrial equipment, in addition to other outdoor maintenance and hunting products and services.

12.    Since its inception in October 2017, Creager Services has gained a reputation for operating with excellent customer service and providing its products, services, and expertise at affordable prices.

13.    Upon information and belief, I Dig Texas has been in operation since September 2002 as a company seemingly also in the industrial equipment business.

14.    Upon information and belief, I Dig Texas was known as "Texas Hydroponics LLC" until August 2018 when its Articles of Incorporation were amended changing the entity's name to "I Dig Texas."

15.    Upon information and belief, Amarekan Manufacturing, LLC has been in operation since December 2020 as a company seemingly in the business of selling and distributing industrial equipment.

16.    Upon information and belief, Mareka Holdings, LLC has been in operation since November 2020 as a holding company for at least I Dig Texas, Amarekan Manufacturing, LLC, and Texas Post Driver, LLC

17.    Upon information and belief, the Marek Parties have intentionally and/or recklessly engaged in unfair and deceptive business practices, including falsely representing that I DIG Texas's products originate in the United States; falsely publishing that the Creager Parties tried to create consumer confusion by deceptive advertising; falsely representing Creager Parties' business operations as unlawful; and passing off Creager Services' products as those of another.

18.    In November 2020, Mary Marek, on behalf of the Marek Parties, accused Creager Services of trademark infringement by virtue of Creager Services' use of a stock image in signage.

19.    Creager Services responded that it lawfully licensed that particular image through a third-party website, https://www.canstockphoto.com, which specifically prohibits its licensed images from being incorporated into a logo, trademark, or service mark, and Creager Services heard nothing more from Mary Marek or any of the other Marek Parties on the matter.

20.    Then, on or around April 20, 2021, the Marek Parties, using the alias "Karen Sideshow," represented to the public (on Creager Services' Google page) that Creager Services lied about the origin of its products and tried to create consumer confusion by deceptively advertising under a competitor's logo:

14





**Creager Equipment**
Equipment rental agency
PLACE DETAILS

K   Karen Sideshow

⭐ ⭐ ⭐ ⭐ ⭐  6 months ago                        ⋮

I was shopping for a post driver for my husband and found this company. I found their website explicitly says "All equipment made in America." Buyer beware, this is not true. The Montana Post Driver apparently is Made in China 100% upon some simple research. I was shopping around and also found they were using a competitor's logo in their advertising. I purchased the "competitor's" Texas Post Driver and my husband absolutely LOVES IT. $95 shipped right to me; did not even have to leave the house. Although I live w/in an hour of this business I am happy I did my research. Shame on any company trying to create confusion for the consumer! DECEPTIVE ADVERTISING. So why would a consumer trust a company that uses these types of practices to promote their business?

👍 Like        ◁ Share

21.    On or around April 23, 2021, Thomas Marek posted a review about Creager Services on Google, falsely accusing Creager Services of unlawful use of an image that is a part of I DIG Texas's logo.

22.    Upon information and belief, between or around April 28, 2021, Thomas Marek and the Marek Parties began contacting Creager Services' vendors and business partners and falsely represented the nature of Creager Services" business practices causing permanent harm to Creager Services' reputation and loss of revenues and business.

23.    Upon information and belief, the Marek Parties intentionally sought to interfere with Creager Services' contractual relationships with its vendors and customers.

24.    Upon information and belief, the Marek Parties have attempted to unlawfully coerce Creager Services' vendors and customers, and prospective vendors and/or

15

customers, to not engage with Creager Services and to forfeit doing business with Creager Services, at least in part by promising to place large orders with vendors on the condition that such vendors discontinue selling to Creager Services.

25.    Upon information and belief, the Marek Parties have sought to induce termination of Defendant Kerry Creager from employment with Phillips 66 in order to harm the Creager Parties.

26.    Upon information and belief, the Marek Parties have done so willfully and maliciously.

### The Marek Parties' Unauthorized Use of Creager Services' Copyrighted Works and Continuing Unlawful Practices

27.    Between March and May 2021, Creager Services published the two photographs shown below ("Copyrighted Works") in connection with marketing its products and services:





28.    Creager Services used the Copyrighted Works in advertisements to market the shown Montana Post Drivers in multiple distinct marketplaces in at least Oklahoma and Texas:



17



29.    The Copyrighted Works are registered with the United States Copyright Office. Registration No. VA0002271487, a true and correct copy of which is attached hereto as Exhibit 1.

30.    On October 2, 2021, in an email to Kerry Creager and in response to an advertisement posted by Creager Services including its Copyrighted Works, Thomas Marek indicated he personally was profiting from the Marek Parties' unauthorized use of the Copyrighted Works. A true and correct copy of Thomas Marek's October 2, 2021, email to Mr. Creager is attached here to Exhibit 2.

31.    Upon information and belief, the aforementioned profits are a direct result of the Marek Parties' copyright infringement, unfair competition, and deceptive trade practices.

32.    Between and around October 3 to 11, 2021, Marek Parties advertised (below) a circle-backslash symbol reading "MADE IN CHINA" adjacent to Creager Services'

Copyrighted Works depicting its products and a statement "DON'T BUY 110% MADE IN CHINA - MONTANA Post Drivers Driver WHY?"



33.    Upon information and belief, Third-Party Defendants Thomas Marek and Mary Marek directed and are responsible for such infringing use of Creager Services' Copyrighted Works, and have been aware, since prior to the acts complained of herein, that its use of Creager Services' Copyrighted Works constitutes infringement.

34.    Upon information and belief, Marek Parties also posted the above advertisements in order to pass off Creager Services' products as their own.

35.    Marek Parties posted the above advertisements including Creager Services' Copyrighted Works in at least the Tulsa, Oklahoma City, Dallas, and San Antonio marketplaces. Thus, the financial and reputational harm caused by Marek Parties to Creager Services was and continues to be interstate.

19

36.    The proximity of the "MADE IN CHINA" symbols and the "DON'T BUY 110% MADE IN CHINA" statement regarding the photographs of Creager Services' products is a representation to consumers that Creager Services' products originated in China. The shown "Montana Post Drivers" do, in fact, originate from China, and Creager Services has never represented to the contrary.

37.    However, Marek Parties simultaneously advertised that the Montana Post Drivers are "MADE IN USA" on its website, as indicated below:



38.    The linked "Tour Video" further displays the Montana Post Drivers, misleading consumers to believe they are "MADE IN USA," as shown:



39.    Upon information and belief, the Marek Parties no longer sell the Montana Post Drivers, but have begun offering for sale a product called the Texas Post Driver, which is based on the design of the Montana Post Driver.

40.    The Marek Parties offer an economy and premium version of the Texas Post Driver.

41.    As they did with the Montana Post Driver, the Marek Parties falsely represent that its Texas Post Drivers are made in the United States, even though the power units of all models are made in China, and the Economy model is fully-made in China.

42.    Creager Services has been damaged and are likely to be further damaged by Marek Parties' deceptive trade practices, unfair methods of competition, and unlawful use of Creager Services' Copyrighted Works.

21

## CAUSES OF ACTION

### COUNT I
### COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

43.    Creager Services repeats and realleges paragraphs 1 through 43 above as if fully set forth herein.

44.    Creager Services' photographs constitute original visual works containing copyrightable subject matter for which copyright protection exists under the Copyright Act. Creager Services is the exclusive owner of rights under copyright in and to the Copyrighted Works.

45.    Creager Services owns a valid copyright registration for the Copyrighted Works. (Exhibit 1).

46.    Marek Parties' conduct as alleged herein caused immediate and irreparable harm and injury to Creager Services, and to its goodwill and reputation, and will continue to damage Creager Services unless enjoined by this court. Creager Services have no adequate remedy at law.

47.    Creager Services are entitled to, among other relief, injunctive relief and an award of actual damages, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under the Copyright Act, 17 U.S.C. § 504, together with prejudgment and post-judgment interest.

## COUNT II
## INDUCEMENT OF COPYRIGHT INFRINGEMENT

48.    Creager Services repeats and realleges paragraphs 1 through 48 above as if fully set forth herein.

49.    Upon information and belief, Thomas Marek and Mary Marek had knowledge of Creager Services' Copyrighted Works and actively contributed to the infringement.

50.    Upon information and belief, Thomas Marek and Mary Marek induced and/or encouraged direct infringement of Creager Services' Copyrighted Works, or profited from the direct infringement of Creager Services' Copyrighted Works while declining to exercise a right to stop or limit it.

51.    Upon information and belief, Thomas Marek and Mary Marek willfully induced infringement of Creager Services' Copyrighted Works.

52.    Thomas and Mary Marek's conduct as alleged herein caused immediate and irreparable harm and injury to Creager Services, and to their goodwill and reputation, and will continue to both damage Creager Services unless enjoined by this court. Creager Services has no adequate remedy at law.

53.    Creager Services is entitled to, among other relief, injunctive relief and an award of actual damages, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under the Copyright Act, 17 U.S.C. § 504, together with prejudgment and post-judgment interest.

## COUNT III
### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

54.    Creager Services repeats and realleges paragraphs 1 through 54 above as if fully set forth herein.

55.    The aforesaid acts of Marek Parties constitute acts of unfair competition and palming off in violation of the Lanham Act, 15 U.S.C. § 1125(a), impacting interstate commerce as Oklahoma and non-Oklahoma residents are customers of both Creager Services and Marek Parties.

56.    Marek Parties' use in interstate commerce of Creager Services' Copyrighted Works and misrepresentations of Creager Services' business operations has injured Creager Services' commercial interest in its sales and profits, its business, its business reputation, and its goodwill, in an amount of damages to be determined at trial.

57.    Marek Parties' use of the Copyrighted Works and depictions of goods sold and advertised by Creager Services in the Marek Parties' own advertising is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the products offered for sale by the Marek Parties with those offered for sale by Creager Services, and is likely to cause consumers to believe, contrary to fact, that Marek Parties' products are sold, authorized, endorsed, or sponsored by Creager Services, or that Marek Parties are in some way affiliated with or sponsored by Creager Services.

58.    Marek Parties' depictions and statements indicating that their products are made in the United States, when all or substantially all of the working parts are made in

24

China as alleged herein constitute use of a false designation of origin and misleading description and representation of fact.

59.    Upon information and belief, Marek Parties' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the origin of Creager Services' products.

60.    Marek Parties' conduct as alleged herein constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

61.    Creager Services is entitled to, among other relief, injunctive relief and an award of actual damages, Marek Parties' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT IV
## VIOLATION OF OKLAHOMA DECEPTIVE TRADE PRACTICES ACT
### (Okla. Stat. tit. 78, § 51 *et seq.*)

62.    Creager Services repeats and realleges paragraphs 1 through 62 above as if fully set forth herein.

63.    The acts of Marek Parties constitute deceptive trade practices as defined in the Oklahoma Deceptive Trade Practices Act, Okla. Stat. tit. 78, § 51 *et seq* ("ODTPA").

64.    Particularly, Marek Parties are a competitor of Creager Services and have violated the ODTPA because they, at the very least, have:

    a. Passed off Creager Services' products as their own;

    b. Knowingly made false representations as to the source, sponsorship, approval, or certification of products or services;

25

   c. Knowingly made false representations as to affiliation, connection, association with, or certification by another;

   d. Used deceptive representations or designations of geographic origin in connection with goods or services;

   e. Represented that goods or services are a particular standard, quality, or grade, or that goods are a particular style or model, if that are another; and

   f. Disparaged the goods, services, or business of Creager Services by false or misleading representations of fact.

65.    Marek Parties' statements, and intended coercion, to Creager Services' vendors and customers and prospective vendors and customers constitute tortious interference with Creager Services' business.

66.    These actions have directly and proximately caused injury and damages to Creager Services.

67.    Creager Services has no adequate remedy at law for the wrongful actions of Marek Parties.

68.    As a result of Marek Parties' actions, Creager Services has suffered damages in an amount to be proven at trial.

## COUNT V
## OKLAHOMA COMMON LAW UNFAIR COMPETITION

69.    Creager Services repeats and realleges paragraphs 1 through 69 above as if fully set forth herein.

70.    Marek Parties are willfully, fraudulently, oppressively, maliciously and unlawfully attempting to pass off, and are actually passing off, goods and services as those of Creager Services.

71.    Marek Parties' use in interstate commerce of Creager Services' Copyrighted Works and misrepresentations of Creager Services' business operations has injured Creager Services' commercial interest in their sales and profits, their business, their business reputation, and their goodwill, in an amount of damages to be determined at trial.

72.    Marek Parties' use of the Copyrighted Works and depictions of goods sold and advertised by Creager Services in the Marek Parties' own advertising is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the products offered for sale by the Marek Parties with those offered for sale by Creager Services, and is likely to cause consumers to believe, contrary to fact, that Marek Parties' products are sold, authorized, endorsed, or sponsored by Creager Services, or that Marek Parties are in some way affiliated with or sponsored by Creager Services.

73.    Marek Parties' depictions and statements indicating that their products are made in the United States, when all or substantially all of the working parts are made in China as alleged herein constitute use of a false designation of origin and misleading description and representation of fact.

74.    Marek Parties' depictions and statements indicating that Creager Services' products are made in China as alleged herein constitute use of a false designation of origin and misleading description and representation of fact.

75.    Marek Parties' statements, and intended coercion, to Creager Services' vendors and customers and prospective vendors and customers constitute tortious interference with Creager Services' business.

76.     Marek Parties' identified acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great irreparable injury to Creager Services.

77.     Creager Services has no adequate remedy at law for the wrongful acts of Marek Parties.

78.     As a result of Marek Parties' identified acts, Creager Services has suffered and will continue to suffer damages in an amount to be proven at trial.

## CREAGER PARTIES' PRAYER FOR RELIEF

**WHEREFORE**, Creager Services prays for judgment against Marek Parties as follows:

1.      A judgment that Creager Parties have not engaged in the acts alleged by Plaintiff in the Petition;

2.      That Marek Parties infringed Creager Services' rights in its Copyrighted Works;

3.      That Marek Parties and their agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns, be both preliminarily and permanently enjoined from directly or indirectly:

   a. Using Creager Services' Copyrighted Works, or any reproduction, counterfeit, copy, or colorable imitation of the same, in any form, in connection with its operation as a business; and

28

b.  Passing off of Creager Services' products or services as in anyway affiliated or endorsed by Marek Parties; and

c.  Making false representations about Creager Services' business operations, including that Creager Services has engaged in unlawful activities or intentionally or recklessly deceived consumers; and

d.  Making representations about Creager Services in order to coerce Creager Services' vendors and customers and prospective vendors and customers to not engage in business, or to forfeit business engagements, with Creager Services.

4.    That Marek Parties account to Creager Services for all sales and profits from the sale of goods or services resulting from its wrongful conduct, or for any sum in addition to that amount the Court and/or jury awards;

5.    That Marek Parties disgorge their profits and other ill-gotten gains resulting from its wrongful conduct;

6.    That Creager Services be awarded treble, punitive, and/or exemplary damages in view of Marek Parties' willful, wanton, and/or deliberate illegal acts committed with oppression, fraud, malice, and/or in reckless disregard of the rights of Creager Services;

7.    That this case be found exceptional and that Creager Services be awarded attorneys' fees pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 505, and Okla. Stat. tit. 78, § 54;

29

8.    That Creager Services recover all taxable costs of this action, including reasonable attorneys' fees and both pre- and post-judgment interest; and

9.    That Creager Services be awarded such other and further relief as this Court deems just and proper.

## CREAGER PARTIES' DEMAND FOR A JURY TRIAL

Creager Parties demand a trial by jury on all issues so triable.

DATED: February 25, 2022

Respectfully submitted,

/s/

Evan Talley (OK Bar 22923)
**DUNLAP CODDING, P.C.**
609 West Sheridan Avenue
Oklahoma City, OK 73102
Tel: 405. 607.8600
etalley@dunlapcodding.com

## CERTIFICATE OF SERVICE

I certify that on February 25, 2022, a true and correct copy of the foregoing document was sent via US Mail, postage prepaid to the following:

Ronald Shinn, Jr.
Zachary Oubre
Nathan Arrington
McAfee & Taft
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK

/s/
Evan W. Talley

# EXHIBIT 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.



United States Register of Copyrights and Director

**Registration Number**

## VA 2-271-487

**Effective Date of Registration:**
October 12, 2021
**Registration Decision Date:**
October 15, 2021



## Copyright Registration for a Group of Published Photographs
Registration issued pursuant to 37 C.F.R. § 202.4(i)
For Photographs Published: March 04, 2021 to May 16, 2021

## Title
       Title of Group: Creager Montana Drivers
Number of Photographs in Group: 2

## Completion/Publication
       Year of Completion: 2021
Earliest Publication Date in Group: March 04, 2021
Latest Publication Date in Group: May 16, 2021
Nation of First Publication: United States

## Author
            • Author: Creager Services, LLC
Author Created: photographs
Work made for hire: Yes
Citizen of: United States

## Copyright Claimant
    Copyright Claimant: Creager Services, LLC
P.O. Box 1474, Bartlesville, OK, 74006, United States

## Rights and Permissions
    Organization Name: Dunlap Codding
Name: Evan William Talley
Email: etalley@dunlapcodding.com
Telephone: (405)607-8608

Address:    609 W. Sheridan Ave.
            Oklahoma City, OK 73102 United States

## Certification

Name:    Evan William Talley
Date:    October 12, 2021

Copyright Office notes:    Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group.

Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as XLS or PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application.

# EXHIBIT 2



Kerry Creager <Confecta@managerservices.com>

## Montana Post Drivers - in Stock!



Tom Marek <47cc3f2cec8a392c975800fb00f1fa48@reply.craigslist.org>
To: 47cc3f2cec8a392c975800fb00f1fa48@sale.craigslist.org

Sat, Oct 2, 2021 at 3:03 PM

YOU ARE MAKING ME RICH! ;)

https://dallas.craigslist.org/dal/hvd/d/breckenridge-montana-post-drivers-in/7383686340.html

Original craigslist post:
https://dallas.craigslist.org/dal/hvd/d/breckenridge-montana-post-drivers-in/7383686340.html
About craigslist mail:
https://craigslist.org/about/help/email-relay
Please flag unwanted messages (spam, scam, other):
https://post.craigslist.org/mailflag?flagCode=34&smtpid=b272efdf37681f189c5e441ebb294cd7e91650c6.1





Office of
# Don Newberry
### Court Clerk of Tulsa County, Oklahoma

500 S. Denver Tulsa, Oklahoma 74103 (918) 596-5000

# RECEIPT FOR PAYMENT    S.A. & I. 1743C

| Receipt # 2022-4325064 | Entered by: OSCN\SharonLaw | Receipt Date: 02/25/2022 |
|---|---|---|

| Paid By: | | Payment Method(s) | |
|---|---|---|---|
| BRIAN SMITH | | Cash in the amount of $ 40.00 | |

| Case # | Case Style | Party | Account | Item | Paid |
|---|---|---|---|---|---|
| CJ-2022-193 | I DIG TEXAS LLC v. CREAGER SERVICES LLC | | AC01 | AC01 Clerk Fees | $ 40.00 |
| **Total Amount Applied to Balance(s)** | | | | | **$ 40.00** |
| **Total Balance Due** | | | | | **$ 0.00** |

Amount of Cash Received: _____

Amount of Change Returned: _____

By: _____
Deputy Court Clerk

End of transmission.

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

I DIG TEXAS, LLC, a Texas limited liability )
Company; )
            )
                Plaintiff, )
            )
vs.                            ) Case NO. CJ-2022-00193
            )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; and )
KERRY CREAGER, an individual; )
            )
                Defendants. )
_____ )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; )
            )
            )
                Defendant/Counter- )
                Plaintiff/ Third-Party )
                Plaintiff, )
            )
            )
I DIG TEXAS, LLC, a Texas limited )
liability company; )
            )
                Counter-Defendant, )
            )
AND )
            )
AMAREKAN MANUFACTURING, LLC., )
a Texas limitedliability company; MAREKA )
HOLDINGS, LLC, a Texas limited liability )
company; THOMAS MAREK, an )
individual; and MARY MAREK, )
an individual; )
            )
                Third-Party Defendants. )

## SUMMONS

To the above-named Defendant:    AMAREKAN MANUFACTURING, LLC
c/o Registered Agent Tom Marek
4021 US-281 S.
Marble Falls, TX  78654

You have been sued by the above-named Third-Party Plaintiff, and you are directed to file a written answer to the attached Third Party Petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

DON NEWBERRY, Court Clerk , Court Clerk

by _____ Deputy Court Clerk

2-25-22

(Seal)

Attorney(s) for Plaintiff(s):

Evan Talley (OK Bar 22923)
**DUNLAP CODDING, P.C.**
609 West Sheridan Avenue
Oklahoma City, OK 73102
Tel: 405. 607.8600
etalley@dunlapcodding.com

This summons was served on    _____
(date of service)

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

I DIG TEXAS, LLC, a Texas limited liability )
Company;                                    )
                                            )
                        Plaintiff,          )
                                            )
vs.                                         ) Case NO. CJ-2022-00193
                                            )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; and             )
KERRY CREAGER, an individual;              )
                                            )
                        Defendants.         )
_____)
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company;                 )
                                            )
                                            )
                        Defendant/Counter-  )
                        Plaintiff/ Third-Party )
                        Plaintiff,          )
                                            )
I DIG TEXAS, LLC, a Texas limited          )
liability company;                         )
                                            )
                        Counter-Defendant,  )
                                            )
AND                                         )
                                            )
AMAREKAN MANUFACTURING, LLC.,   )
a Texas limitedliability company; MAREKA )
HOLDINGS, LLC, a Texas limited liability   )
company; THOMAS MAREK, an                  )
individual; and MARY MAREK,                )
an individual;                             )
                                            )
                        Third-Party Defendants. )

## **SUMMONS**

To the above-named Defendant:     THOMAS MAREK
                                   4021 US-281 S.
                                   Marble Falls, TX  78654

      You have been sued by the above-named Third-Party Plaintiff, and you are directed to file a written answer to the attached Third Party Petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

      Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

DON NEWBERRY, Court Clerk, Court Clerk

by _____ Deputy Court Clerk

2-25-22

(Seal)

Attorney(s) for Plaintiff(s):

Evan Talley (OK Bar 22923)
**DUNLAP CODDING, P.C.**
609 West Sheridan Avenue
Oklahoma City, OK 73102
Tel: 405. 607.8600
etalley@dunlapcodding.com

This summons was served on          _____
                                    (date of service)

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| I DIG TEXAS, LLC, a Texas limited liability Company; | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case NO. CJ-2022-00193 ) |
| CREAGER SERVICES, LLC, an Oklahoma limited liability company; and KERRY CREAGER, an individual; | ) ) ) ) |
| Defendants. | ) ) ) |
| CREAGER SERVICES, LLC, an Oklahoma limited liability company; | ) ) ) ) |
| Defendant/Counter-Plaintiff/ Third-Party Plaintiff, | ) ) ) ) ) |
| I DIG TEXAS, LLC, a Texas limited liability company; | ) ) ) |
| Counter-Defendant, | ) ) ) |
| AND | ) ) |
| AMAREKAN MANUFACTURING, LLC., a Texas limitedliability company; MAREKA HOLDINGS, LLC, a Texas limited liability company; THOMAS MAREK, an individual; and MARY MAREK, an individual; | ) ) ) ) ) ) ) ) |
| Third-Party Defendants. | ) |

## SUMMONS

To the above-named Defendant:    MARY MAREK
4021 US-281 S.
Marble Falls, TX  78654

You have been sued by the above-named Third-Party Plaintiff, and you are directed to file a written answer to the attached Third Party Petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

DON NEWBERRY, Court Clerk, Court Clerk

by _____ Deputy Court Clerk

2-25-22

(Seal)

Attorney(s) for Plaintiff(s):

Evan Talley (OK Bar 22923)
**DUNLAP CODDING, P.C.**
609 West Sheridan Avenue
Oklahoma City, OK 73102
Tel: 405. 607.8600
etalley@dunlapcodding.com

This summons was served on    _____
(date of service)

_____
(Signature of person serving summons)


YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

I DIG TEXAS, LLC, a Texas limited liability )
Company; )
                                 )
               Plaintiff, )
                                 )
vs.                              ) Case NO. CJ-2022-00193
                                 )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; and )
KERRY CREAGER, an individual; )
                                 )
               Defendants. )
_____ )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; )
                                 )
                                 )
               Defendant/Counter- )
               Plaintiff/ Third-Party )
               Plaintiff, )
                                 )
I DIG TEXAS, LLC, a Texas limited )
liability company; )
                                 )
               Counter-Defendant, )
                                 )
AND )
                                 )
AMAREKAN MANUFACTURING, LLC., )
a Texas limitedliability company; MAREKA )
HOLDINGS, LLC, a Texas limited liability )
company; THOMAS MAREK, an )
individual; and MARY MAREK, )
an individual; )
                                 )
               Third-Party Defendants. )

## SUMMONS

To the above-named Defendant:    MAREKA HOLDINGS, LLC
c/o Registered Agent Tom Marek
4021 US-281 S.
Marble Falls, TX  78654

You have been sued by the above-named Third-Party Plaintiff, and you are directed to file a written answer to the attached Third Party Petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

DON NEWBERRY, Court Clerk , Court Clerk

by Deputy Court Clerk

2-25-22

(Seal)

Attorney(s) for Plaintiff(s):

Evan Talley (OK Bar 22923)
**DUNLAP CODDING, P.C.**
609 West Sheridan Avenue
Oklahoma City, OK 73102
Tel: 405. 607.8600
etalley@dunlapcodding.com

This summons was served on        _____

(date of service)

_____

(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D
FEB 25 2022
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

I DIG TEXAS, LLC, a Texas limited liability )
Company; )
)
          Plaintiff, )
)
vs. )  Case NO. CJ-2022-00193
)
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; and )
KERRY CREAGER, an individual; )
)
          Defendants. )
_____ )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; )
)
)
)
          Defendant/Counter- )
          Plaintiff/ Third-Party )
          Plaintiff, )
)
I DIG TEXAS, LLC, a Texas limited )
liability company; )
)
          Counter-Defendant, )
)
AND )
)
AMAREKAN MANUFACTURING, LLC., )
a Texas limitedliability company; MAREKA )
HOLDINGS, LLC, a Texas limited liability )
company; THOMAS MAREK, an )
individual; and MARY MAREK, )
an individual; )
)
          Third-Party Defendants. )

## ENTRY OF APPEARANCE

COMES NOW, Evan W. Talley, of Dunlap Codding, PC, and hereby enters an appearance as counsel for the Defendant/Counter Plaintiff/Third-Party Plaintiff Creager Services, LLC and Kerry Creager in the above entitled cause. Accordingly, said counsel respectfully request that all documents, papers and notices in the case be delivered to the undersigned at the address set forth below.

DATED: February 25, 2022                Respectfully submitted,


Evan Talley (OK Bar 22923)
**DUNLAP CODDING, P.C.**
609 West Sheridan Avenue
Oklahoma City, OK 73102
Tel: 405. 607.8600
etalley@dunlapcodding.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 25, 2022, a true and correct copy of the foregoing document was sent via US Mail, postage prepaid to the following:

Ronald Shinn, Jr.
Zachary Oubre
Nathan Arrington
McAfee & Taft
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK

Evan W. Talley





## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

I DIG TEXAS, LLC, a Texas limited liability   )
company;   )
  )
      Plaintiff,   )
  )
v.   )   Case No. CJ-2022-193
  )
CREAGER SERVICES, LLC, an Oklahoma   )
limited liability company; and   )
KERRY CREAGER, an individual;   )
  )
      Defendants.   )

**DISTRICT COURT**
**FILED**

FEB - 8 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## RETURN OF SERVICE BY CERTIFIED MAIL

STATE OF OKLAHOMA   )
  ) ss
OKLAHOMA COUNTY   )

    I certify that I mailed a copy of the Summons and Petition in the above-styled case by sending the documents Certified Mail-Return Receipt, Restricted Delivery, Receipt Number 92154969009997901211167078 on January 19, 2022, to the within named:

**CREAGER SERVICES, LLC**
c/o Legalinc Corporate Services Inc.
624 S. Denver Ave, Ste. 300A
Tulsa, OK 74119

    Service was accomplished on January 21, 2022. The Summons and signed return receipt are attached.

Ginger E. Schones, Paralegal
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
(405) 235-9621 (telephone)
(405) 235-0439 (facsimile)
ginger.schones@mcafeetaft.com

Subscribed to and sworn before me this 1st day of February, 2022.
My commission expires: _____
My commission number: _____      Notary Public

30318295_1

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| I DIG TEXAS, LLC, a Texas limited liability company; | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CREAGER SERVICES, LLC, an Oklahoma limited liability company; and KERRY CREAGER, an individual; | ) ) ) ) |
| Defendants. | ) ) ) |

Case No.

# CJ-2022-00193

William D. LaFortune

### SUMMONS

To:    **CREAGER SERVICES, LLC**
c/o Legalinc Corporate Services Inc.
624 S. Denver Ave, Ste. 300A
Tulsa, OK 74119

You have been sued by the Plaintiff, and you are directed to file a written answer to the attached Petition in the court at the above address within twenty (20) days after the service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the Plaintiff.

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

ISSUED this ɧ day of JAN , 2022.

**DON NEWBERRY, Court Clerk**
Tulsa County Court Clerk

By:
Deputy Court Clerk

(SEAL)
Ronald T. Shinn Jr., OBA #19569
Zachary A.P. Oubre, OBA #30666
Nathan Arrington, OBA # 34607
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone:    (405) 235-9621

Summons - Creager Services

Facsimile:      (405) 235-0439
ron.shinn@mcafeetaft.com
zach.oubre@mcafeetaft.com
nate.arrington@mcafeetaft.com
***Attorneys for Plaintiff***


This Summons was served on _____
                                            (Date of Service)

                                            _____
                                            (Signature of person serving Summons)


**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

2

**SENDER:** *COMPLETE THIS SECTION*

- 9215 4969 0099 9790 1211 1670 78
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CREAGER SERVICES, LLC
C/O LEGALINC CORPORATE SERVICES, INC.
624 S. DENVER AVENUE
SUITE 300A
TULSA, OK 74119

9290 9869 0099 9711 1670 63

2. Article Number *(Transfer from service label)*
Code2: 1/19/22 TH

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X *Pat Hu*  ☐ Agent  ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
*Pat Hu thu*    1-21-22

D. Is delivery address different from item 1?  ☐ Yes
If YES enter delivery address below:  ☐ No

3. Service Type   ☐ Priority Mail Express®
☐ Adult Signature   ☐ Registered Mail™
☐ Adult Signature Restricted Delivery   ☐ Registered Mail Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery   ☐ Return Receipt for Merchandise
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery   ☐ Signature Confirmation™
☐ Insured Mail   ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail Restricted Delivery (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

Reorder Form LCD-811R rev. 05/15

---

# U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

9215 4969 0099 9790 1211 1670 78

| Certified Mail Fee | |
|---|---|
| $ | $1.160 |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $3.75 |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $3.05 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $6.00 |
| $ | |
| Total Postage and Fees | $13.960 |
| $ | |

Postmark Here

Sent To  CREAGER SERVICES, LLC
*Street, Apt. No.,*  C/O LEGALINC CORPORATE SERVICES, INC.
*or PO Box No.*  624 S. DENVER AVENUE
*City, State, Zip+4*  SUITE 300A
TULSA, OK 74119

C/o2 GINGER SCHONES · 31188.00006
Code2: 1/19/22 TH

PS Form 3800, April 2015    See Reverse for Instructions

*1051448501*

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

DISTRICT COURT
**F I L E D**

| | |
|---|---|
| I DIG TEXAS, LLC, a Texas limited liability company; | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CREAGER SERVICES, LLC, an Oklahoma limited liability company; and KERRY CREAGER, an individual; | ) ) ) ) |
| Defendants. | ) ) |

FEB 2 5 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

Case No.  CJ-2022-193

Judge William D. LaFortune

## AFFIDAVIT AS TO MILITARY SERVICE

In compliance with the Service Members Civil Relief Act. 50 App. U.S.C. § 521 et seq., the undersigned states the following facts are true:

I do not have access to, or knowledge of, the date of birth or social security number of Defendant, Kerry Creager, therefore I am unable to determine whether or not he is in the military service.

I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct.

Dated this 25th day of February, 2022.

Zachary A.P. Oubre, OBA #30666
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102
Telephone:     (405) 235-9621
Facsimile:     (405) 235-0439
zach.oubre@mcafeetaft.com

**ATTORNEYS FOR PLAINTIFF**

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT
F I L E D

FEB 1 4 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| I DIG TEXAS, LLC, a Texas limited liability company; | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CREAGER SERVICES, LLC, an Oklahoma limited liability company; and KERRY CREAGER, an individual; | ) ) ) ) ) |
| Defendants. | ) ) |

Case No. CJ-2022-193

Civil Docket C

**MOTION TO ENTER DEFAULT JUDGMENT**

Plaintiff, I Dig Texas, LLC, respectfully moves this Court to enter default judgment against Defendant Creager Services, LLC ("Creager Services"). In support of this Motion, Plaintiff states as follows:

1. On January 19, 2022, Plaintiff filed its Petition against Defendants alleging, *inter alia*, claims for violation of the Oklahoma Deceptive Trade Practices Act, tortious interference, unfair competition, and defamation related to Defendants' online advertising and other statements made to potential customers of Plaintiff. See Ex. 1, Petition.

2. An Affidavit of Service was filed with this Court on February 8, 2022 showing Creager Services was served on January 21, 2022. See Ex. 2, Affidavit of Service.

3. Pursuant to 12 Okla. Stat. § 2012, Creager Services had until February 10, 2022 to serve a responsive pleading, reservation of time or motion as to Plaintiff's Petition.

4. As of the filing of this Motion, (a) Plaintiff has not been served with an answer or other responsive pleading or motion from Creager Services, (b) Plaintiff has not been served with any reservation of time from Creager Services, (c) Plaintiff has not been

1

contacted by any representative of Creager Services to note legal representation of it and/or informally requesting additional time to file a responsive pleading or motion or reservation of time, and (d) the Court's docket does not reflect the filing of any responsive motion, pleading, or reservation of time by Creager Services. See Ex. 3, Docket.

5.     Accordingly, Creager Services received the Petition and Summons via mail, knew of the instant suit and the deadline to file a responsive pleading, motion or reservation of time, and failed to timely file any of the foregoing. By failing to timely file a responsive pleading or motion or reservation of time, Creager Services is in default and, pursuant to 12 Okla. Stat. § 2008(D), has admitted the allegations set forth in Plaintiff's Petition. Pursuant to Rule 10 of the Rules for the District Courts of Oklahoma, notice of taking default is not required because Creager Services has not appeared in this case.

6.     As a result, Plaintiff is entitled to and hereby seeks default judgment regarding the liability of Creager Services in accordance with the allegations set forth in Plaintiff's Petition with an amount of damages to be determined at an evidentiary hearing to be set by the Court.

WHEREFORE, Plaintiff respectfully requests the Court enter default judgment against Creager Services, LLC, and in favor of Plaintiff, as to liability of Creager Services, LLC under Plaintiff's claims, with the amount of damages due Plaintiff to be determined at a later date to be set by the Court.

Respectfully submitted,

Ronald T. Shinn Jr., OBA #19569
Zachary A.P. Oubre, OBA #30666
Nathan Arrington, OBA # 34607
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102
Telephone:      (405) 235-9621
Facsimile:      (405) 235-0439
ron.shinn@mcafeetaft.com
zach.oubre@mcafeetaft.com
nate.arrington@mcafeetaft.com
**ATTORNEYS FOR PLAINTIFF**

3

**Exhibit 1**

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

I DIG TEXAS, LLC, a Texas limited liability )
company; )
                         )
          Plaintiff, )
                         )
v. )
                         )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; and )
KERRY CREAGER, an individual; )
                         )
          Defendants. )

William D. LaFortune

**CJ-2022-00193**

Case No.

DISTRICT COURT
**FILED**

JAN 19 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## PETITION

Plaintiff I Dig Texas, LLC ("Plaintiff"), for its Petition against Creager Services, LLC d/b/a Creager Equipment and Kerry Creager ("Defendants"), alleges and states as follows:

## JURISDICTION, VENUE AND PARTIES

1.     Plaintiff is a Texas limited liability company with its principal place of business in Burnet County, Texas.

2.     Creager Services, LLC d/b/a Creager Equipment ("Creager Services") is an Oklahoma limited liability company which, upon information and belief, has its principal place of business in Washington County, Oklahoma and does business in Tulsa County, Oklahoma.

3.     Kerry Creager ("Creager") is an individual who, upon information and belief, resides in Oklahoma and is the President and sole owner of Creager Services and/or has ownership in and operates Creager Services.

4.     The Court has jurisdiction over the parties and venue is proper.

## GENERAL ALLEGATIONS

5.    Plaintiff is engaged in the business of, among other things, advertising, selling and distributing machinery throughout the States of Texas and Oklahoma.

6.    Creager Services is a competitor of Plaintiff which sells and distributes machinery within the States of Texas and Oklahoma.

7.    Since at least April 2021, Creager, on behalf of himself and/or as an agent of Creager Services, has disseminated statements about Plaintiff and its business to actual and potential third-party customers and suppliers, including at least the following:

  a.    one or more advertisements on Craigslist.com asserting that Plaintiff's advertising of its Texas Post Drivers product being "Made in America" is false and deceptive when, in fact, it is not, as Plaintiff notes in its advertising when and if certain parts and/or models of Texas Post Drivers are not "Made in America";

  b.    one or more advertisements on Craigslist.com and Facebook.com referencing prior litigation among Thomas Marek, the owner of Plaintiff, and a third party over rights in real property and alluding or otherwise insinuating that said lawsuit involved Plaintiff or reinforced Creager's contentions of Plaintiff's allegedly false advertising, despite the aforementioned litigation being a private dispute concerning rights in real property that had nothing to do with Plaintiff or its advertising; and

  c.    upon information and belief, multiple Google Reviews from different accounts providing unfavorable reviews about Plaintiff concerning business transactions that, to Plaintiff's knowledge, did not take place; and

8.    Defendants' unlawful conduct has caused and will continue to cause Plaintiff harm in an amount to be determined at trial.

2

9.      Further, upon information and belief, the foregoing is not exhaustive of the unlawful, unfair and deceptive trade practices engaged in by Defendants and additional acts and/or omissions of Defendants in violation of Oklahoma law shall be uncovered in the course of discovery.

## COUNT I
### Violation of the Oklahoma Deceptive Trade Practices Act

10.     Plaintiff re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

11.     Defendants' aforementioned acts constitute a violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51 *et seq.*, including not limited to, the following:

a.      knowingly making a false representation as to the characteristics, ingredients, uses, benefits or quantities of goods or services or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith in violation of 78 Okla. Stat. § 53(A)(5);

b.      representing that goods or services are a particular standard, quality, or grade, or that goods are a particular style or model, if they are another in violation of 78 Okla. Stat. § 53(A)(7); and

c.      disparaging the goods, services, or business of another by false or misleading representation of fact in violation of 78 Okla. Stat. § 53(A)(8).

12.     Defendants' activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' unlawful and deceptive trade practices.

13.    As a direct and proximate result of Defendants' deceptive trade practices, Plaintiff has suffered and will continue to suffer economic loss in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, a disgorgement of Defendants' profits, interest, costs and its attorneys' fees.

14.    In addition, upon information and belief, Defendants' deceptive trade practices are and were malicious, wanton, reckless, willful, oppressive, and/or done with the intent to injure Plaintiff and its business, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

## COUNT II
### Tortious Interference

15.    Plaintiff restates and incorporates by reference each preceding paragraph in this Petition.

16.    Defendants have made false and/or inaccurate representations concerning Plaintiff to Plaintiff's actual and/or prospective customers as well as Plaintiff's current and former staff.

17.    Defendants have deliberately interfered with Plaintiff's existing and/or prospective business relationships.

18.    Defendants' conduct constitutes tortious interference in violation of Oklahoma law. Defendants' tortious interference was malicious and not privileged, justified or excusable.

19.    Defendants' activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' tortious interference.

20.    As a direct and proximate result of Defendants' tortious interference, Plaintiff has suffered economic losses in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, interest, costs and its attorneys' fees.

21.    In addition, upon information and belief, Defendants' tortious interference was malicious, wanton, reckless, willful and/or done with the intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

**COUNT III**
**Unfair Competition**

22.    Plaintiff re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

23.    The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Oklahoma.

24.    Such activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' unfair competition.

25.    As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer economic loss in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, as well as interest, costs and its attorneys' fees.

26.    In addition, upon information and belief, Defendants' unfair competition was malicious, wanton, reckless, willful and/or done with the intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

**COUNT IV**
**Defamation**

27.    Plaintiff restates and incorporates by reference each preceding paragraph in this Petition.

28.    Defendants have made false statements regarding Plaintiff and Plaintiff's business to Plaintiff's customers and staff with the intent to injure Plaintiff.

29.    Defendants' conduct constitutes defamation in violation of Oklahoma law.

5

30.    Such activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' defamation.

31.    As a direct and proximate result of Defendants' defamation, Plaintiff has suffered economic losses in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, interest, costs and its attorneys' fees.

32.    In addition, upon information and belief, Defendants' defamation was malicious, wanton, reckless, willful and/or done with intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff I Dig Texas, LLC requests that the Court enter judgment in its favor as follows:

A.    That judgment be entered in favor of Plaintiff and against Defendants;

B.    That Defendants be ordered to pay all damages incurred by Plaintiff as a direct and proximate result of Defendants' unlawful behavior, as well as exemplary damages, in each case to be determined at trial, together with interest and costs;

C.    That Plaintiff be awarded its attorneys' fees in pursuing this litigation and be granted all other legal and equitable relief to which it is entitled.

6

_____

Ronald T. Shinn Jr., OBA #19569
Zachary A.P. Oubre, OBA #30666
Nathan Arrington, OBA # 34607
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102
Telephone:     (405) 235-9621
Facsimile:      (405) 235-0439
ron.shinn@mcafeetaft.com
zach.oubre@mcafeetaft.com
nate.arrington@mcafeetaft.com
**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**

**Exhibit 2**

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| I DIG TEXAS, LLC, a Texas limited liability company; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CJ-2022-193 |
| | ) | |
| CREAGER SERVICES, LLC, an Oklahoma limited liability company; and KERRY CREAGER, an individual; | ) | |
| | ) | |
| Defendants. | ) | |

**DISTRICT COURT**
**FILED**
FEB - 8 2022
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

### RETURN OF SERVICE BY CERTIFIED MAIL

| | |
|---|---|
| STATE OF OKLAHOMA | ) |
| | ) ss |
| OKLAHOMA COUNTY | ) |

I certify that I mailed a copy of the Summons and Petition in the above-styled case by sending the documents Certified Mail-Return Receipt, Restricted Delivery, Receipt Number 92154969009997901211167078 on January 19, 2022, to the within named:

**CREAGER SERVICES, LLC**
c/o Legalinc Corporate Services Inc.
624 S. Denver Ave, Ste. 300A
Tulsa, OK 74119

Service was accomplished on January 21, 2022.  The Summons and signed return receipt are attached.

*Ginger E. Schones*
Ginger E. Schones, Paralegal
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK  73102
(405) 235-9621 (telephone)
(405) 235-0439 (facsimile)
ginger.schones@mcafeetaft.com

Subscribed to and sworn before me this 1st day of February, 2022.
My commission expires: _____
My commission number: _____

*Sandy J. Lewis*
Notary Public

SANDY J. LEWIS
NOTARY
# 99019720
EXP. 01/18/24
STATE OF OKLAHOMA
PUBLIC

30318295_1

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| I DIG TEXAS, LLC, a Texas limited liability company; | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CREAGER SERVICES, LLC, an Oklahoma limited liability company; and KERRY CREAGER, an individual; | ) ) ) ) ) |
| Defendants. | ) |

Case No.

# CJ-2022-00193

William D. LaFortune

## SUMMONS

To:     **CREAGER SERVICES, LLC**
        c/o Legalinc Corporate Services Inc.
        624 S. Denver Ave, Ste. 300A
        Tulsa, OK 74119

You have been sued by the Plaintiff, and you are directed to file a written answer to the attached Petition in the court at the above address within twenty (20) days after the service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the Plaintiff.

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

ISSUED this 19 day of _____JAN_____, 2022.

**DON NEWBERRY**, Court Clerk
Tulsa County Court Clerk

By: _____
          Deputy Court Clerk

(SEAL)
Ronald T. Shinn Jr., OBA #19569
Zachary A.P. Oubre, OBA #30666
Nathan Arrington, OBA # 34607
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone:     (405) 235-9621

Summons - Creager Services

Facsimile:     (405) 235-0439
ron.shinn@mcafeetaft.com
zach.oubre@mcafeetaft.com
nate.arrington@mcafeetaft.com
*Attorneys for Plaintiff*

This Summons was served on _____
                                                    (Date of Service)

_____
(Signature of person serving Summons)

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

Summons - Creager Services

2

**SENDER: COMPLETE THIS SECTION**

- 9215 4969 0099 9790 1211 1670 78
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CREAGER SERVICES, LLC
C/O LEGALINC CORPORATE SERVICES, INC.
624 S. DENVER AVENUE
SUITE 300A
TULSA, OK 74119

9290 9669 0099 9711 1670 63

2. Article Number (Transfer from service label)
Code2: 1/19/22 TH

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Pat Hu(tu_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Pat Hu(tu   1-21-22

D. Is delivery address different from item 1?   ☐ Yes
If YES enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

Reorder Form LCD-811R Rev. 05/15

---

# U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at *www.usps.com*®

9215 4969 0099 9790 1211 1670 78

Certified Mail Fee   $1.160
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $3.75
☐ Return Receipt (electronic)   $
☐ Certified Mail Restricted Delivery   $3.05
☐ Adult Signature Required   $
☐ Adult Signature Restricted Delivery $
Postage   $6.00
$
Total Postage and Fees   $13.960
$
Sent To   CREAGER SERVICES, LLC
C/O LEGALINC CORPORATE SERVICES, INC.
Street, Apt. No.,   624 S. DENVER AVENUE
or PO Box No.   SUITE 300A
City, State, Zip+4   TULSA, OK 74119

PS Form 3800, April 2015   See Reverse for Instructions

 OKLAHOMA
State Courts Network

**Exhibit 3**

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| I DIG TEXAS LLC,<br>        Plaintiff,<br>v.<br>CREAGER SERVICES LLC,<br>        Defendant, and<br>KERRY CREAGER,<br>        Defendant. | No. CJ-2022-193<br>(Civil relief more than $10,000: VIOLATION OF OK.TRADE PRACTICE ACT)<br><br>Filed: 01/19/2022<br><br>Judge: Civil Docket C |

## PARTIES

CREAGER,  KERRY, Defendant
CREAGER SERVICES  LLC, Defendant
I DIG TEXAS  LLC, Plaintiff

## ATTORNEYS

| Attorney | Represented Parties |
|---|---|
| Arrington,  Jonathan (Bar #34607)<br>MCAFEE & TAFT A PROFESSIONAL CORPORATION<br>8th Floor, Two Leadership Square<br>211 North Robinson<br>Oklahoma City, OK 73102 | I DIG TEXAS,   LLC |
| OUBRE,  ZACHARY  A P (Bar #30666)<br>211 N ROBINSON 8TH FLR 2 LEADERSHIP SQ<br>OKC, OK 73102 | I DIG TEXAS,   LLC |
| SHINN,  RONALD  T  JR (Bar #19569)<br>MCAFEE & TAFT A PROFESSIONAL CORPORATION<br>10TH FLOOR, TWO LEADERSHIP SQUARE<br>211 NORTH ROBINSON<br>OKLAHOMA CITY, OK 73102 | I DIG TEXAS,   LLC |

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**    Issue: VIOLATION OF OK.TRADE PRACTICE ACT (OTHER)
Filed By: I DIG TEXAS LLC
Filed Date: 01/19/2022

**Party Name**                    **Disposition Information**
<ins>**Defendant:**</ins>
CREAGER SERVICES LLC
<ins>**Defendant:**</ins>
CREAGER, KERRY

# DOCKET

| Date | Code | Description | Party | Count | Amount |
|------|------|-------------|-------|-------|--------|
| **01-19-2022** | **\| TEXT \|** | | | #1 | |
| | | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | |
| **01-19-2022** | **\| OTHER \|** | | | | |
| | | VIOLATION OF OK DECEPTIVE TRADE PRACTICES ACT | | | |
| **01-19-2022** | **\| DMFE \|** | | | | $ 7.00 |
| | | DISPUTE MEDIATION FEE | | | |
| **01-19-2022** | **\| PFE1 \|** | | | | $ 163.00 |
| | | PETITION | | | |
| | | Document Available (#1051171395) ☐TIFF  ☐PDF | | | |
| **01-19-2022** | **\| PFE7 \|** | | | | $ 6.00 |
| | | LAW LIBRARY FEE | | | |
| **01-19-2022** | **\| OCISR \|** | | | | $ 25.00 |
| | | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | |
| **01-19-2022** | **\| OCJC \|** | | | | $ 1.55 |
| | | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | |
| **01-19-2022** | **\| OCASA \|** | | | | $ 5.00 |
| | | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | |
| **01-19-2022** | **\| SSFCHSCPC \|** | | | | $ 10.00 |
| | | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | |
| **01-19-2022** | **\| CCADMINCSF \|** | | | | $ 1.00 |
| | | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | |
| **01-19-2022** | **\| CCADMIN0155 \|** | | | | $ 0.16 |
| | | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | |
| **01-19-2022** | **\| SJFIS \|** | | | | $ 0.45 |
| | | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | |
| **01-19-2022** | **\| DCADMIN155 \|** | | | | $ 0.23 |
| | | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | |
| **01-19-2022** | **\| DCADMIN05 \|** | | | | $ 0.75 |
| | | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | |

| | |
|---|---|
| **01-19-2022  | DCADMINCSF |** | $ 1.50 |

DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER

| | |
|---|---|
| **01-19-2022  | CCRMPF |** | $ 10.00 |

COURT CLERK'S RECORDS MANAGEMENT AND PRESERVATION FEE

| | |
|---|---|
| **01-19-2022  | CCADMIN04 |** | $ 0.50 |

COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS

| | |
|---|---|
| **01-19-2022  | LTF |** | $ 10.00 |

LENGTHY TRIAL FUND

| | |
|---|---|
| **01-19-2022  | SMF |** | $ 20.00 |

SUMMONS FEE (CLERKS FEE) -2

**01-19-2022  | SMIMA |**

SUMMONS ISSUED - MAILED BY ATTORNEY

| | |
|---|---|
| **01-19-2022  | EAA |** | I DIG TEXAS LLC 👤 |

ENTRY OF APPEARANCE
Document Available (#1051170048) 🗋TIFF   🗋PDF

**01-19-2022  | TEXT |**

OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CIVIL DOCKET C TO THIS CASE.

**01-19-2022  | ACCOUNT |**

RECEIPT # 2022-4311322 ON 01/19/2022.
PAYOR: MCAFEE & TAFT TOTAL AMOUNT PAID: $ 262.14.
LINE ITEMS:
CJ-2022-193: $183.00 ON AC01 CLERK FEES.
CJ-2022-193: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL.
CJ-2022-193: $1.66 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2022-193: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2022-193: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2022-193: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY.
CJ-2022-193: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS.
CJ-2022-193: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND.
CJ-2022-193: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2022-193: $10.00 ON AC81 LENGTHY TRIAL FUND.
CJ-2022-193: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY.
CJ-2022-193: $10.00 ON AC89 COURT CLERK'S RECORDS MANAGEMENT AND PRESERVATION FEE.

**02-08-2022  | RET |**

RETURN OF SERVICE BY CERTIFIED MAIL
Document Available (#1051441653) 🗋TIFF   🗋PDF

| | |
|---|---|
| **02-11-2022  | S |** | CREAGER, KERRY 👤 |

PARTY HAS BEEN SUCCESSFULLY SERVED / RETURN OF SERVICE BY CERTIFIED MAIL - SUMMONS AND PETITION / KERRY CREAGER / ON 2-4-22
Document Unavailable (#1051444054)

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

I DIG TEXAS, LLC, a Texas limited liability )
Company; )
                                     )
                    Plaintiff, )
                                       )
vs.                               ) Case NO. CJ-2022-00193
                                       )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; and )
KERRY CREAGER, an individual; )
                                       )
                  Defendants. )
                                       )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; )
                                       )
                  Defendant/Counter- )
                  Plaintiff/ Third-Party )
                  Plaintiff, )
                                         )
I DIG TEXAS, LLC, a Texas limited )
liability company; )
                                       )
                  Counter-Defendant, )
                                       )
AND )
                                       )
AMAREKAN MANUFACTURING, LLC., )
a Texas limitedliability company; MAREKA )
HOLDINGS, LLC, a Texas limited liability )
company; THOMAS MAREK, an )
individual; and MARY MAREK, )
an individual; )
                                       )
                  Third-Party Defendants. )

DISTRICT COURT
F I L E D
MAR – 4 2022
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

1

## DEFENDANT CREAGER SERVICES, LLC'S RESPONSE TO
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

COMES NOW, Defendant Creager Services, LLC, ("Creager Services") and for its response to Plaintiff's Motion for Default Judgment dated February 14, 2022, states as follows.

1.    Plaintiff filed its Petition on January 19, 2022.

2.    Plaintiff's counsel has alleged that Defendant Creager Services, LLC, was served via certified mail to its registered service agent on January 21, 2022, which would have rendered Creager Services' answer or other response to the Petition due February 10, 2022.

3.    Defendant's registered service agent failed to notify Creager Services of any documents served. Defendant Creager Services only received notification when Kerry Creager, an individual and co-defendant, was served via certified mail on February 4, 2022.

4.    The record in this case reflects that Plaintiff did not file a proof of service as to Creager Services until February 8, 2022.

5.    On February 14, 2022, *i.e.*, only two business days after Creager Services' answer was purportedly due (assuming Plaintiff's stated date of service is even proper or correct), Plaintiff moved for default judgment as to Creager Services.

6.    Plaintiff's Motion for Default was defective in that it did not have a certificate of service to show that Creager Services was going to be or by what method it was to be served with the Motion.

7.    Plaintiff also failed to note its Motion for Default for hearing.

2

8.   Due to inclement weather, the Tulsa County Courthouse was closed February 24, which was the date Creager's answer was due pursuant to Okla. Stat. tit. 12, §§ 2006, 2012.

9.   On February 25, 2022, the first day that the office of the clerk was open after being closed, Creager Services filed its answer, counterclaims, and third-party petition.

10.   At that time, Creager Services had not been served with, or otherwise provided notice of any motion for default.

11.   In preparation for filing a Notice of Removal to the U.S. District Court for the Northern District of Oklahoma, Creager Services' counsel reviewed this Court's docket and only then found the Motion to Default pending.

12.   Immediately upon review of the Court's docket, Creager Services' counsel contacted Plaintiff's counsel to address the pending Motions for Default (the first motion for Default filed on February 14, 2022, is not accessible on OSCN), and to ask that Plaintiff withdraw the same.

13.   As of this filing, Plaintiff has not withdrawn its Motions for Default as to either Creager Services or Kerry Creager.[1]

14.   To date, Creager Services has not been properly served with the Motion for Default.

---

[1] Mr. Creager is separately responding to the Motion for Default Plaintiff filed against him. Plaintiff's attempts to have the Court enter default against Mr. Creager are even more egregious than as to Creager Services, as Plaintiff moved for default against Mr. Creager *__before__* his time to answer or otherwise respond had expired.

3

15.    Neither Creager Services, nor its undersigned counsel, were provided a copy—much less properly served—Plaintiff's motion for default until March 3, 2022, *i.e.,* the day before this filing.

### ARGUMENT AND AUTHORITY

I.    **Creager Services did not receive proper notice that default would be rendered against it for failure to answer Plaintiff's petition.**

Oklahoma law requires "no person all be deprived of life, liberty, or property, without due process of law." Okla. Const. Art. II, § 7. It is the policy of this State to give litigants their day in court and to **discourage judgment upon technical defaults**, particularly where a Defendant presents a valid defense. *Warr v. Norton*, 1942 OK 43, ¶ 2, 121 P.2d 583, 584; *Crossell v. Osborn*, 1979 OK CIV APP 11, ¶ 7, 592 P.2d 984, 985 (emphasis added).

Under Oklahoma law, lack of an opportunity to be heard on default judgment proceedings constitutes a defect that is an "irregularity" in obtaining default judgment. *VanNort v. Davis*, 1990 OK CIV APP 95, ¶ 9, 800 P.2d 1082, 1085. In the present matter, Plaintiff's counsel ignored Rule 10 of the Rules for District Courts of Oklahoma, which states in pertinent part:

> "….default shall not be taken until a motion therefore has been filed in the case and five (5) day's notice of the date of the hearing is mailed or delivered to the attorney of record for the party in default or to the party in default if he is unrepresented or his attorney's address is unknown.

Oklahoma law does not favor default judgments of any kind. *Burroughs v. Bob Martin Com.*, 1975 OK 80, 536 P.2d 339, 341. "Default judgments are never viewed with favor; litigation questions should be tried on their merits; it is the policy of the law to afford

every party to an action a fair opportunity to present his side of a case. *American Bank of Commerce v. Chavis*, 1985 OK 66, 651, P.2d 1321, 1323. Oklahoma appellate courts have a long and frequent history of reversing trial court orders denying motions to vacate default judgments where circumstances warrant.

Here, Plaintiff's Motion failed to include a certificate of service indicating if and when notice of the Motion for Default would be made. Even worse, the record does not reflect that Plaintiff ever even attempted to provide Creager Services any sort of notice of the Motion for Default. Creager Services only received a copy of the Motion for Default on March 3, 2022, after the undersigned counsel had to ask Plaintiff's counsel for a courtesy copy.

Based on filing its motion for default only two business days after Creager Services' purported time to answer or otherwise respond, it's clear that Plaintiff is trying to catch Creager Services in a "gotcha" moment and win its case on a technicality (even though its attempts to do so are technically defective). This improper gamesmanship is further evidenced by Plaintiff's attempts to have default entered against co-defendant Kerry Creager ***before*** his time to answer or otherwise respond had expired. If there was any doubt, Plaintiff made its intentions crystal clear when it refused to withdraw the defective motions for default, even after these issues were made known to its counsel.

Creager Services has filed an Answer denying Plaintiff's allegations and asserting affirmative defenses, along with counterclaims and third-party claims. There are disputed questions of fact in regard to how this action arose, and what amounts Creager Services may or may not owe to Plaintiff, and vice versa. Further there will be no prejudice to

Plaintiff to allow Defendant its day in court; however, there is an extreme amount of prejudice to Defendant if default is entered. Accordingly, because of the strong policy in Oklahoma against default judgment, especially when the defendant has not been provided notice or afforded a full and fair opportunity to be heard, the Court should deny Plaintiff's attempts to have default judgment entered against Creager Services.

## CONCLUSION

WHEREFORE for the reasons stated herein, Defendant Creager Services, LLC requests that the court deny Plaintiff's motion for default.

DATED: March 4, 2022

Respectfully submitted,

Evan Talley (OK Bar 22923)
**DUNLAP CODDING, P.C.**
609 West Sheridan Avenue
Oklahoma City, OK 73102
Tel: 405. 607.8600
etalley@dunlapcodding.com

6

## CERTIFICATE OF SERVICE

I certify that on March 4, 2022, a true and correct copy of the foregoing document was sent via US Mail, postage prepaid to the following:

Ronald Shinn, Jr.
Zachary Oubre
Nathan Arrington
McAfee & Taft
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK

Evan W. Talley

7

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

I DIG TEXAS, LLC, a Texas limited liability )
Company;                                     )
                                             )
            Plaintiff,                       )
                                             )
vs.                                          )  Case NO. CJ-2022-00193
                                             )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; and               )
KERRY CREAGER, an individual;                )
                                             )
            Defendants.                      )
_____)
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company;                   )
                                             )
                                             )
            Defendant/Counter-               )
            Plaintiff/ Third-Party           )
            Plaintiff,                        )
                                             )
                                             )
I DIG TEXAS, LLC, a Texas limited            )
liability company;                           )
                                             )
            Counter-Defendant,               )
                                             )
AND                                          )
                                             )
AMAREKAN MANUFACTURING, LLC., )
a Texas limitedliability company; MAREKA )
HOLDINGS, LLC, a Texas limited liability )
company; THOMAS MAREK, an                    )
individual; and MARY MAREK,                  )
an individual;                               )
                                             )
            Third-Party Defendants.          )

FILED
DISTRICT COURT
MAR - 4 2022
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

1

## DEFENDANT KERRY CREAGER'S RESPONSE TO
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

COMES NOW, Defendant Kerry Creager and for his response to Plaintiff's Motion for Default Judgment dated February 25, 2022, states as follows.

1.     Plaintiff filed its Petition on January 19, 2022.

2.     Mr. Creager was served via certified mail on February 4, 2022, making his answer or other response originally due February 24, 2022 pursuant to Okla. Stat. tit. 12, § 2012.

3.     Due to inclement weather, the Tulsa County Courthouse was closed February 24, which moved Mr. Creager's deadline for filing an answer or other response to February 25, 2022, per Okla. Stat. tit. 12, § 2006.

4.     On February 25, 2022, the first day that the office of the clerk was open after being closed, Mr. Creager filed his answer, counterclaims, and third-party petition.

5.     In preparation for filing a Notice of Removal to the U.S. District Court for the Northern District of Oklahoma, Creager Services' counsel reviewed this Court's docket and discovered that Plaintiff moved for default as to Mr. Creager on February 25, 2022, *i.e.*, on the deadline for Mr. Creager to answer or otherwise respond.

6.     Immediately upon review of the Court's docket, Mr. Creager's counsel contacted Plaintiff's counsel to address the pending Motion for Default, and to ask that Plaintiff withdraw the same based on its premature filing.

7.    Plaintiff's Motion for Default was also defective in that it did not have a certificate of service to show that Creager Services was going to be or by what method it was to be served with the Motion.

8.    Plaintiff also failed to note its Motion for Default for hearing.

9.    As of this filing, Plaintiff has not withdrawn its Motions for Default as to either Creager Services or Kerry Creager.

10.    To date, Mr. Creager has not been properly served with the Motion for Default.

## ARGUMENT AND AUTHORITY

I.    **Plaintiff's Motion for Default as to Mr. Creager should be denied for the simple reason that it was filed before Mr. Creager's time to answer or otherwise respond had even expired.**

Okla. Stat. tit. 12, § 2006 states:

In computing any period of time prescribed or allowed by this title, by the rules of this court of this state, or by order of a court of this state, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a legal holiday as defined by Section 82.1 of Title 25 of the Oklahoma statutes **or by any other day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time, in which event the period runs until the end of the next day which is not a legal holiday or a day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time.** (Emphasis added).

Mr. Creager was individually served via certified mail February 4, 2022. Pursuant to Okla. Stat. tit. 12, § 2012(A)(1)(a), Mr. Creager's answer or other response was due on February 24, 2022, which was a day that the office of the court clerk was closed for public business due to inclement weather. Mr. Creager's answer was promptly and timely filed the next

3

business day, February 25, 2022. Plaintiff prematurely moved for default that same day. For that reason alone, Plaintiff's motion for default should be denied. Because of Plaintiff's lack of diligence, Mr. Creager also asks that the Court award his fees and costs incurred in having to respond to the motion for default.

Should the Court somehow determine that Plaintiff's motion for default was not premature, Mr. Creager incorporates by reference the arguments raised by his company and co-defendant, Creager Services, LLC, in its concurrently-filed response to Plaintiff's improper attempts to have default entered against that entity.

## CONCLUSION

WHEREFORE for the reasons stated herein, Kerry Creager requests that the court deny Plaintiff's motion for default.

DATED: March 4, 2022

Respectfully submitted,

Evan Talley (OK Bar 22923)
**DUNLAP CODDING, P.C.**
609 West Sheridan Avenue
Oklahoma City, OK 73102
Tel: 405. 607.8600
etalley@dunlapcodding.com

4

## CERTIFICATE OF SERVICE

I certify that on March 4, 2022, a true and correct copy of the foregoing document was sent via US Mail, postage prepaid to the following:

Ronald Shinn, Jr.
Zachary Oubre
Nathan Arrington
McAfee & Taft
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK

_____
Evan W. Talley



*1051448505*

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT
**F I L E D**

FEB 2 5 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | | |
|---|---|---|
| I DIG TEXAS, LLC, a Texas limited liability company; | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CJ-2022-193 |
| CREAGER SERVICES, LLC, an Oklahoma limited liability company; and KERRY CREAGER, an individual; | ) ) ) ) ) | Judge William D. LaFortune |
| Defendants. | ) | |

## MOTION TO ENTER DEFAULT JUDGMENT

Plaintiff, I Dig Texas, LLC, respectfully moves this Court to enter default judgment against Defendant Kerry Creager. In support of this Motion, Plaintiff states as follows:

1.   On January 19, 2022, Plaintiff filed its Petition against Defendants alleging, *inter alia*, claims for violation of the Oklahoma Deceptive Trade Practices Act, tortious interference, unfair competition, and defamation related to Defendants' online advertising and other statements made to potential customers of Plaintiff. See Ex. 1, Petition.

2.   An Affidavit of Service was filed with this Court on February 11, 2022 showing Mr. Creager was served on February 4, 2022. See Ex. 2, Affidavit of Service.

3.   Pursuant to 12 Okla. Stat. § 2012, Mr. Creager had until February 24, 2022 to serve a responsive pleading, reservation of time or motion as to Plaintiff's Petition.

4.   As of the filing of this Motion, (a) Plaintiff has not been served with an answer or other responsive pleading or motion from Mr. Creager, (b) Plaintiff has not been served with any reservation of time from Mr. Creager, (c) Plaintiff has not been contacted by any representative of Mr. Creager to note legal representation of him and/or informally

1



requesting additional time to file a responsive pleading or motion or reservation of time, and (d) the Court's docket does not reflect the filing of any responsive motion, pleading, or reservation of time by Mr. Creager. See Ex. 3, Docket.

5.      Accordingly, as shown by the foregoing and the pending Motion for Default as to Creager Services, Mr. Creager received the Petition and Summons via mail, knew of the instant suit and the deadline to file a responsive pleading, motion or reservation of time, and failed to timely file any of the foregoing. By failing to timely file a responsive pleading or motion or reservation of time, Mr. Creager is in default and, pursuant to 12 Okla. Stat. § 2008(D), has admitted the allegations set forth in Plaintiff's Petition. Pursuant to Rule 10 of the Rules for the District Courts of Oklahoma, notice of taking default is not required because Mr. Creager has not appeared in this case.

6.      As a result, Plaintiff is entitled to and hereby seeks default judgment regarding the liability of Mr. Creager in accordance with the allegations set forth in Plaintiff's Petition with an amount of damages to be determined at an evidentiary hearing to be set by the Court.

WHEREFORE, Plaintiff respectfully requests the Court enter default judgment against Mr. Creager, and in favor of Plaintiff, as to liability of Mr. Creager under Plaintiff's claims, with the amount of damages due Plaintiff to be determined at a later date to be set by the Court.

Respectfully submitted,

Ronald T. Shinn Jr., OBA #19569
Zachary A.P. Oubre, OBA #30666
Nathan Arrington, OBA # 34607
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102
Telephone:    (405) 235-9621
Facsimile:    (405) 235-0439
ron.shinn@mcafeetaft.com
zach.oubre@mcafeetaft.com
nate.arrington@mcafeetaft.com
**ATTORNEYS FOR PLAINTIFF**

3

Exhibit 1

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| I DIG TEXAS, LLC, a Texas limited liability company; | ) ) ) | William D. LaFortune |
| Plaintiff, | ) ) | **CJ-2022-00193** |
| v. | ) ) | Case No. |
| CREAGER SERVICES, LLC, an Oklahoma limited liability company; and KERRY CREAGER, an individual; | ) ) ) ) ) | DISTRICT COURT **F I L E D** JAN 1 9 2022 |
| Defendants. | ) | DON NEWBERRY, Court Clerk STATE OF OKLA. TULSA COUNTY |

### PETITION

Plaintiff I Dig Texas, LLC ("Plaintiff"), for its Petition against Creager Services, LLC d/b/a Creager Equipment and Kerry Creager ("Defendants"), alleges and states as follows:

### JURISDICTION, VENUE AND PARTIES

1.      Plaintiff is a Texas limited liability company with its principal place of business in Burnet County, Texas.

2.      Creager Services, LLC d/b/a Creager Equipment ("Creager Services") is an Oklahoma limited liability company which, upon information and belief, has its principal place of business in Washington County, Oklahoma and does business in Tulsa County, Oklahoma.

3.      Kerry Creager ("Creager") is an individual who, upon information and belief, resides in Oklahoma and is the President and sole owner of Creager Services and/or has ownership in and operates Creager Services.

4.      The Court has jurisdiction over the parties and venue is proper.

## GENERAL ALLEGATIONS

5.    Plaintiff is engaged in the business of, among other things, advertising, selling and distributing machinery throughout the States of Texas and Oklahoma.

6.    Creager Services is a competitor of Plaintiff which sells and distributes machinery within the States of Texas and Oklahoma.

7.    Since at least April 2021, Creager, on behalf of himself and/or as an agent of Creager Services, has disseminated statements about Plaintiff and its business to actual and potential third-party customers and suppliers, including at least the following:

a.    one or more advertisements on Craigslist.com asserting that Plaintiff's advertising of its Texas Post Drivers product being "Made in America" is false and deceptive when, in fact, it is not, as Plaintiff notes in its advertising when and if certain parts and/or models of Texas Post Drivers are not "Made in America";

b.    one or more advertisements on Craigslist.com and Facebook.com referencing prior litigation among Thomas Marek, the owner of Plaintiff, and a third party over rights in real property and alluding or otherwise insinuating that said lawsuit involved Plaintiff or reinforced Creager's contentions of Plaintiff's allegedly false advertising, despite the aforementioned litigation being a private dispute concerning rights in real property that had nothing to do with Plaintiff or its advertising; and

c.    upon information and belief, multiple Google Reviews from different accounts providing unfavorable reviews about Plaintiff concerning business transactions that, to Plaintiff's knowledge, did not take place; and

8.    Defendants' unlawful conduct has caused and will continue to cause Plaintiff harm in an amount to be determined at trial.

2

9.    Further, upon information and belief, the foregoing is not exhaustive of the unlawful, unfair and deceptive trade practices engaged in by Defendants and additional acts and/or omissions of Defendants in violation of Oklahoma law shall be uncovered in the course of discovery.

**COUNT I**
**Violation of the Oklahoma Deceptive Trade Practices Act**

10.    Plaintiff re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

11.    Defendants' aforementioned acts constitute a violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51 *et seq.*, including not limited to, the following:

a.    knowingly making a false representation as to the characteristics, ingredients, uses, benefits or quantities of goods or services or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith in violation of 78 Okla. Stat. § 53(A)(5);

b.    representing that goods or services are a particular standard, quality, or grade, or that goods are a particular style or model, if they are another in violation of 78 Okla. Stat. § 53(A)(7); and

c.    disparaging the goods, services, or business of another by false or misleading representation of fact in violation of 78 Okla. Stat. § 53(A)(8).

12.    Defendants' activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' unlawful and deceptive trade practices.

3

13.    As a direct and proximate result of Defendants' deceptive trade practices, Plaintiff has suffered and will continue to suffer economic loss in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, a disgorgement of Defendants' profits, interest, costs and its attorneys' fees.

14.    In addition, upon information and belief, Defendants' deceptive trade practices are and were malicious, wanton, reckless, willful, oppressive, and/or done with the intent to injure Plaintiff and its business, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

## COUNT II
### Tortious Interference

15.    Plaintiff restates and incorporates by reference each preceding paragraph in this Petition.

16.    Defendants have made false and/or inaccurate representations concerning Plaintiff to Plaintiff's actual and/or prospective customers as well as Plaintiff's current and former staff.

17.    Defendants have deliberately interfered with Plaintiff's existing and/or prospective business relationships.

18.    Defendants' conduct constitutes tortious interference in violation of Oklahoma law. Defendants' tortious interference was malicious and not privileged, justified or excusable.

19.    Defendants' activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' tortious interference.

20.    As a direct and proximate result of Defendants' tortious interference, Plaintiff has suffered economic losses in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, interest, costs and its attorneys' fees.

21.    In addition, upon information and belief, Defendants' tortious interference was malicious, wanton, reckless, willful and/or done with the intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

## COUNT III
### Unfair Competition

22.    Plaintiff re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

23.    The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Oklahoma.

24.    Such activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' unfair competition.

25.    As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer economic loss in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, as well as interest, costs and its attorneys' fees.

26.    In addition, upon information and belief, Defendants' unfair competition was malicious, wanton, reckless, willful and/or done with the intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

## COUNT IV
### Defamation

27.    Plaintiff restates and incorporates by reference each preceding paragraph in this Petition.

28.    Defendants have made false statements regarding Plaintiff and Plaintiff's business to Plaintiff's customers and staff with the intent to injure Plaintiff.

29.    Defendants' conduct constitutes defamation in violation of Oklahoma law.

5

30.    Such activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' defamation.

31.    As a direct and proximate result of Defendants' defamation, Plaintiff has suffered economic losses in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, interest, costs and its attorneys' fees.

32.    In addition, upon information and belief, Defendants' defamation was malicious, wanton, reckless, willful and/or done with intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff I Dig Texas, LLC requests that the Court enter judgment in its favor as follows:

A.    That judgment be entered in favor of Plaintiff and against Defendants;

B.    That Defendants be ordered to pay all damages incurred by Plaintiff as a direct and proximate result of Defendants' unlawful behavior, as well as exemplary damages, in each case to be determined at trial, together with interest and costs;

C.    That Plaintiff be awarded its attorneys' fees in pursuing this litigation and be granted all other legal and equitable relief to which it is entitled.

6

Ronald T. Shinn Jr., OBA #19569
Zachary A.P. Oubre, OBA #30666
Nathan Arrington, OBA # 34607
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102
Telephone:      (405) 235-9621
Facsimile:      (405) 235-0439
ron.shinn@mcafeetaft.com
zach.oubre@mcafeetaft.com
nate.arrington@mcafeetaft.com
**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**

**Exhibit 2**

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

I DIG TEXAS, LLC, a Texas limited liability )
company; )
                         )

         Plaintiff, )

v. )    Case No. CJ-2022-193
                         )

CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; and )
KERRY CREAGER, an individual; )
                         )

         Defendants. )

**DISTRICT COURT**
**F I L E D**

FEB 1 1 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA TULSA COUNTY

### RETURN OF SERVICE BY CERTIFIED MAIL

STATE OF OKLAHOMA     )
                             ) ss
OKLAHOMA COUNTY      )

     I certify that I mailed a copy of the Summons and Petition in the above-styled case by sending the documents Certified Mail-Return Receipt, Restricted Delivery, Receipt Number 9215496900999790121123983 on January 19, 2022, to the within named:

     **KERRY CREAGER**
     2616 SE Roanoke Ridge Road
     Bartlesville, OK 74006

     Service was accomplished on February 4, 2022. The Summons and signed return receipt are attached.

                                      Ginger E. Schones
                                       Ginger E. Schones, Paralegal
                                       McAfee & Taft A Professional Corporation
                                       8th Floor, Two Leadership Square
                                       211 N. Robinson
                                       Oklahoma City, OK 73102
                                       (405) 235-9621 (telephone)
                                       (405) 235-0439 (facsimile)
                                       ginger.schones@mcafeetaft.com

Subscribed to and sworn before me this 9th day of February, 2022.
My commission expires: _____
My commission number: _____              Sandy J. Lewis
                                       Notary Public

SANDY J. LEWIS
NOTARY
# 99019720
EXP. 01/18/24
STATE OF OKLAHOMA
PUBLIC

30374099_1

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

I DIG TEXAS, LLC, a Texas limited liability company;

      Plaintiff,

v.

CREAGER SERVICES, LLC, an Oklahoma limited liability company; and
KERRY CREAGER, an individual;

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. **CJ-2022-00193**

William D. LaFortune

### SUMMONS

To:  **KERRY CREAGER**
2616 SE Roanoke Ridge Road
Bartlesville, OK 74006

You have been sued by the Plaintiff, and you are directed to file a written answer to the attached Petition in the court at the above address within twenty (20) days after the service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the Plaintiff.

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

ISSUED this 9 day of ___JAN___, 2022.

**DON NEWBERRY**, Court Clerk
Tulsa County Court Clerk

By: _____
Deputy Court Clerk

(SEAL)
Ronald T. Shinn Jr., OBA #19569
Zachary A.P. Oubre, OBA #30666
Nathan Arrington, OBA # 34607
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102-7103
Telephone:    (405) 235-9621
Facsimile:     (405) 235-0439

Summons - Kerry Creager

ron.shinn@mcafeetaft.com
zach.oubre@mcafeetaft.com
nate.arrington@mcafeetaft.com
***Attorneys for Plaintiff***

This Summons was served on _____
                                    (Date of Service)

                              _____
                              (Signature of person serving Summons)

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

2

Summons - Kerry Creager

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

9215 4969 0099 9790 1211 2398 36

1. Article Addressed to:

KERRY CREAGER
2616 SE ROANOKE RIDGE ROAD
BARTLESVILLE, OK 74006

9290 9969 0099 9711 2398 41

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
2-1-22

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
70182 2/1/22 TH

PS Form **3811**, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

9215 4969 0099 9790 1211 2398 36

| | |
|---|---|
| Certified Mail Fee | $1.160 |
| $ | |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $3.75 |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $3.05 |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage | $6.00 |
| $ | |
| Total Postage and Fees | $13.960 |
| $ | |

Postmark Here
CENTER CITY STATION
FEB -1 2022
PONCA CITY OK 78102

Sent To  KERRY CREAGER
Street, Apt. No., 2616 SE ROANOKE RIDGE ROAD
or PO Box No.  BARTLESVILLE, OK 74006
City, State, Zip+4

PS Form **3800**, April 2015    See Reverse for Instructions

**Exhibit 3**



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

I DIG TEXAS LLC,
    Plaintiff,
v.
CREAGER SERVICES LLC,
    Defendant, and
KERRY CREAGER,
    Defendant.

**No. CJ-2022-193**
**(Civil relief more than $10,000: VIOLATION OF OK.TRADE PRACTICE ACT)**

Filed: 01/19/2022

Judge: Civil Docket C

## PARTIES

CREAGER, KERRY, Defendant
CREAGER SERVICES LLC, Defendant
I DIG TEXAS LLC, Plaintiff

## ATTORNEYS

| Attorney | Represented Parties |
|---|---|
| Arrington, Jonathan (Bar #34607)<br>MCAFEE & TAFT A PROFESSIONAL CORPORATION<br>8th Floor, Two Leadership Square<br>211 North Robinson<br>Oklahoma City, OK 73102 | I DIG TEXAS, LLC |
| OUBRE, ZACHARY A P (Bar #30666)<br>211 N ROBINSON 8TH FLR 2 LEADERSHIP SQ<br>OKC, OK 73102 | I DIG TEXAS, LLC |
| SHINN, RONALD T JR (Bar #19569)<br>MCAFEE & TAFT A PROFESSIONAL CORPORATION<br>10TH FLOOR, TWO LEADERSHIP SQUARE<br>211 NORTH ROBINSON<br>OKLAHOMA CITY, OK 73102 | I DIG TEXAS, LLC |

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**     Issue: VIOLATION OF OK.TRADE PRACTICE ACT (OTHER)
Filed By: I DIG TEXAS LLC
Filed Date: 01/19/2022

| Party Name | Disposition Information |
|---|---|
| **Defendant:** | |
| CREAGER SERVICES LLC | |
| **Defendant:** | |
| CREAGER, KERRY | |

# DOCKET

| Date | Code | Description | Party | Count | Amount |
|---|---|---|---|---|---|
| 01-19-2022 | TEXT | | | #1 | |
| | | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | |
| 01-19-2022 | OTHER | | | | |
| | | VIOLATION OF OK DECEPTIVE TRADE PRACTICES ACT | | | |
| 01-19-2022 | DMFE | | | | $ 7.00 |
| | | DISPUTE MEDIATION FEE | | | |
| 01-19-2022 | PFE1 | | | | $ 163.00 |
| | | PETITION | | | |
| | | Document Available (#1051171395) ☐TIFF   ☐PDF | | | |
| 01-19-2022 | PFE7 | | | | $ 6.00 |
| | | LAW LIBRARY FEE | | | |
| 01-19-2022 | OCISR | | | | $ 25.00 |
| | | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | |
| 01-19-2022 | OCJC | | | | $ 1.55 |
| | | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | |
| 01-19-2022 | OCASA | | | | $ 5.00 |
| | | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | |
| 01-19-2022 | SSFCHSCPC | | | | $ 10.00 |
| | | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | |
| 01-19-2022 | CCADMINCSF | | | | $ 1.00 |
| | | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | |
| 01-19-2022 | CCADMIN0155 | | | | $ 0.16 |
| | | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | |
| 01-19-2022 | SJFIS | | | | $ 0.45 |
| | | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | |
| 01-19-2022 | DCADMIN155 | | | | $ 0.23 |
| | | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | |
| 01-19-2022 | DCADMIN05 | | | | $ 0.75 |
| | | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | |

| 01-19-2022 [ DCADMINCSF ] | $ 1.50 |
|---|---|

DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER

| 01-19-2022 [ CCRMPF ] | $ 10.00 |
|---|---|

COURT CLERK'S RECORDS MANAGEMENT AND PRESERVATION FEE

| 01-19-2022 [ CCADMIN04 ] | $ 0.50 |
|---|---|

COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS

| 01-19-2022 [ LTF ] | $ 10.00 |
|---|---|

LENGTHY TRIAL FUND

| 01-19-2022 [ SMF ] | $ 20.00 |
|---|---|

SUMMONS FEE (CLERKS FEE) -2

**01-19-2022 [ SMIMA ]**

SUMMONS ISSUED - MAILED BY ATTORNEY

**01-19-2022 [ EAA ]**                     I DIG TEXAS LLC 👤

ENTRY OF APPEARANCE
Document Available (#1051170048) 🗎TIFF   🗎PDF

**01-19-2022 [ TEXT ]**

OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CIVIL DOCKET C TO THIS CASE.

**01-19-2022 [ ACCOUNT ]**

RECEIPT # 2022-4311322 ON 01/19/2022.
PAYOR: MCAFEE & TAFT TOTAL AMOUNT PAID: $ 262.14.
LINE ITEMS:
CJ-2022-193: $183.00 ON AC01 CLERK FEES.
CJ-2022-193: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL.
CJ-2022-193: $1.66 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2022-193: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2022-193: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2022-193: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY.
CJ-2022-193: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS.
CJ-2022-193: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND.
CJ-2022-193: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2022-193: $10.00 ON AC81 LENGTHY TRIAL FUND.
CJ-2022-193: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY.
CJ-2022-193: $10.00 ON AC89 COURT CLERK'S RECORDS MANAGEMENT AND PRESERVATION FEE.

**02-08-2022 [ RET ]**

RETURN OF SERVICE BY CERTIFIED MAIL
Document Available (#1051441653) 🗎TIFF   🗎PDF

**02-11-2022 [ S ]**                     CREAGER, KERRY 👤

PARTY HAS BEEN SUCCESSFULLY SERVED / RETURN OF SERVICE BY CERTIFIED MAIL - SUMMONS AND PETITION / KERRY CREAGER / ON 2-4-22
Document Available (#1051444054) 🗎TIFF   🗎PDF

**02-14-2022 [ MO ]**                     I DIG TEXAS LLC 👤

MOTION TO ENTER DEFAULT JUDGMENT / C TO J
Document Unavailable (#1051444159)

| 02-25-2022 [ SMF ] | $ 40.00 |
|---|---|

SUMMONS FEE - 4

**02-25-2022  [ ACCOUNT ]**

RECEIPT # 2022-4325064 ON 02/25/2022.
PAYOR: BRIAN SMITH TOTAL AMOUNT PAID: $ 40.00.
LINE ITEMS:
CJ-2022-193: $40.00 ON AC01 CLERK FEES.