## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

I DIG TEXAS, LLC, a Texas limited liability )
Company; )
                                               )
                Plaintiff, )
                                               )
vs.                                          ) Case NO. 4:22-CV-00097-JFH-JFJ
                                               )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; and )
KERRY CREAGER, an individual; )
                                               )
                Defendants. )
_____ )
CREAGER SERVICES, LLC, an Oklahoma )
limited liability company; )
                                                 )
                Defendant/Counter- )
                Plaintiff/ Third-Party )
                Plaintiff, )
                                                 )
I DIG TEXAS, LLC, a Texas limited )
liability company; )
                                                 )
                Counter-Defendant, )
                                                   )
AND )
                                                 )
AMAREKAN MANUFACTURING, LLC., )
a Texas limited liability company; MAREKA )
HOLDINGS, LLC, a Texas limited liability )
company; THOMAS MAREK, an )
individual; and MARY MAREK, )
an individual; )
                                                 )
                Third-Party Defendants. )

**DEFENDANTS CREAGER SERVICES, LLC
AND KERRY CREAGER'S AMENDED ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Defendants Creager Services, LLC ("Creager Services") and Kerry Creager (collectively "Creager Parties") submit their amended answer, affirmative defenses, and counterclaims to Plaintiff's Petition, and state as follows:

## JURISDICTION, VENUE AND PARTIES

1.      Plaintiff is a Texas limited liability company with its principal place of business in Burnet County, Texas.

**ANSWER**:   Creager Parties are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 1 of Plaintiff's Petition and therefore deny the same.

2.      Creager Services, LLC d/b/a Creager Equipment ("Creager Services") is an Oklahoma limited liability company which, upon information and belief, has its principal place of business in Washington County, Oklahoma and does business in Tulsa County, Oklahoma.

**ANSWER**:   Creager Parties admit the allegations of paragraph 2 of the Petition.

3.      Kerry Creager ("Creager") is an individual who, upon information and belief, resides in Oklahoma and is the President and sole owner of Creager Services and/or has ownership in and operates Creager Services.

**ANSWER**:   Creager Parties admit the allegations of paragraph 3 of the Petition.

4.      The Court has jurisdiction over the parties and venue is proper.

**ANSWER**:   Creager Parties admit that this Court has jurisdiction over the Creager parties. However, Creager Parties, as explained in the below counterclaims, deny that this is the appropriate venue in which to litigate this dispute between the parties.

## **GENERAL ALLEGATIONS**

5.     Plaintiff is engaged in the business of, among other things, advertising, selling and distributing machinery throughout the States of Texas and Oklahoma.

**ANSWER**:   Creager Parties are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 5 of Plaintiff's Petition and therefore deny the same.

6.     Creager Services is a competitor of Plaintiff which sells and distributes machinery within the States of Texas and Oklahoma.

**ANSWER**:   Creager Services admits to selling and distributing "machinery" within the States of Texas and Oklahoma. Mr. Creager denies that he individually sells or distributes "machinery." Paragraph 8 of the Petition also asks for a legal conclusion as to "competitor," and therefore, Creager Parties deny that allegation. Creager Parties are without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 of Plaintiff's Petition and therefore deny the same.

7.     Since at least April 2021, Creager, on behalf of himself and/or as an agent of Creager Services, has disseminated statements about Plaintiff and its business to actual and potential third-party customers and suppliers, including at least the following:

  a. one or more advertisements on Craigslist.com asserting that Plaintiff's advertising of its Texas Post Drivers product being "Made in America" is false and deceptive when, in fact, it is not, as Plaintiff notes in its advertising when and if certain parts and/or models of Texas Post Drivers are not "Made in America";

**ANSWER**:   Creager Parties deny the allegations of paragraph 7(a) of the Petition.

  b. one or more advertisements on Craigslist.com and Facebook.com referencing prior litigation among Thomas Marek, the owner of Plaintiff, and a third party over rights in real property and alluding or otherwise insinuating that said lawsuit involved Plaintiff or reinforced Creager's contentions of Plaintiff s

allegedly false advertising, despite the aforementioned litigation being a private dispute concerning rights in real property that had nothing to do with Plaintiff or its advertising; and

**ANSWER**: Creager Parties deny the allegations of paragraph 7(b) of the Petition.

c. upon information and belief, multiple Google Reviews from different accounts providing unfavorable reviews about Plaintiff concerning business transactions that, to Plaintiff's knowledge, did not take place; and

**ANSWER**: Creager Parties deny the allegations of paragraph 7(c) of the Petition.

8. Defendants' unlawful conduct has caused and will continue to cause Plaintiff harm in an amount to be determined at trial.

**ANSWER**: Paragraph 8 of the Petition asks for a legal conclusion, and therefore,

Creager Parties deny the allegations in Paragraph 8 of the Petition.

9. Further, upon information and belief, the foregoing is not exhaustive of the unlawful, unfair and deceptive trade practices engaged in by Defendants and additional acts and/or omissions of Defendants in violation of Oklahoma law shall be uncovered in the course of discovery.

**ANSWER**: Creager Parties deny the allegations of paragraph 9 of the Petition.

## COUNT I
## Violation of the Oklahoma Deceptive Trade Practices Act

10. Plaintiff re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

**ANSWER**: Creager Parties incorporate by reference and re-allege each and every

Answer to Plaintiff's allegations contained in numerical Paragraphs 1 through 9 as though

fully set forth herein.

11. Defendants' aforementioned acts constitute a violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51 et seq., including not limited to, the following:

a. knowingly     making a false representation     as to the characteristics, ingredients, uses, benefits or quantities of goods or services or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith in violation of 78 Okla. Stat. § 53(A)(5);

**ANSWER**: Paragraph 11(a) of the Petition asks for a legal conclusion, and therefore, Creager Parties deny the allegations in Paragraph 11(a) of the Petition.

b. representing that goods or services are a particular standard, quality, or grade, or that goods are a particular style or model, if they are another in violation of 78 Okla. Stat. § 53(A)(7); and

**ANSWER**: Paragraph 11(b) of the Petition asks for a legal conclusion, and therefore, Creager Parties deny the allegations in Paragraph 11(b) of the Petition.

c. disparaging the goods, services, or business of another by false or misleading representation of fact in violation of 78 Okla. Stat. § 53(A)(8).

**ANSWER**: Paragraph 11(c) of the Petition asks for a legal conclusion, and therefore, Creager Parties deny the allegations in Paragraph 11(c) of the Petition.

12.     Defendants' activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' unlawful and deceptive trade practices.

**ANSWER**: Paragraph 12 of the Petition asks for a legal conclusion, and therefore, Creager Parties deny the allegations in Paragraph 12 of the Petition.

13.     As a direct and proximate result of Defendants' deceptive trade practices, Plaintiff has suffered and will continue to suffer economic loss in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, a disgorgement of Defendants' profits, interest, costs and its attorneys' fees.

**ANSWER**: Creager Parties deny the allegations of paragraph 13 of the Petition.

14.     In addition, upon information and belief, Defendants' deceptive trade practices are and were malicious, wanton, reckless, willful, oppressive, and/or done with the intent to injure Plaintiff and its business, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

**ANSWER**:   Creager Parties deny the allegations of paragraph 14 of the Petition.

## COUNT II
## Tortious Interference

15.    Plaintiff restates and incorporates by reference each preceding paragraph in this Petition.

**ANSWER**:   Creager Parties incorporate by reference and re-allege each and every

Answer to Plaintiff's allegations contained in numerical Paragraphs 1 through 14 as though

fully set forth herein.

16.    Defendants have made false and/or inaccurate representations concerning Plaintiff to Plaintiff's actual and/or prospective customers as well as Plaintiff's current and former staff.

**ANSWER**:   Creager Parties deny the allegations of paragraph 16 of the Petition.

17.    Defendants have deliberately interfered with Plaintiff s existing and/or prospective business relationships.

**ANSWER**:   Creager Parties deny the allegations of paragraph 17 of the Petition.

18.    Defendants' conduct constitutes tortious interference in violation of Oklahoma law. Defendants' tortious interference was malicious and not privileged, justified or excusable.

**ANSWER**:   Paragraph 18 of the Petition asks for a legal conclusion, and therefore,

Creager Parties deny the allegations in Paragraph 18 of the Petition.

19.    Defendants' activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' tortious interference.

**ANSWER**:   Paragraph 19 of the Petition asks for a legal conclusion, and therefore,

Creager Parties deny the allegations in Paragraph 19 of the Petition.

20.     As a direct and proximate result of Defendants' tortious interference, Plaintiff has suffered economic losses in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, interest, costs and its attorneys' fees.

**ANSWER**:   Creager Parties deny the allegations of paragraph 20 of the Petition.

21.     In addition, upon information and belief, Defendants' tortious interference was malicious, wanton, reckless, willful and/or done with the intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

**ANSWER**:   Creager Parties deny the allegations of paragraph 21 of the Petition.

## COUNT III
## Unfair Competition

22.     Plaintiff re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

**ANSWER**:   Creager Parties incorporate by reference and re-allege each and every

Answer to Plaintiff's allegations contained in numerical Paragraphs 1 through 21 as though

fully set forth herein

23.     The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Oklahoma.

**ANSWER**:   Paragraph 23 of the Petition asks for a legal conclusion, and therefore,

Creager Parties deny the allegations in Paragraph 23 of the Petition.

24.     Such activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' unfair competition.

**ANSWER**:   Paragraph 24 of the Petition asks for a legal conclusion, and therefore,

Creager Parties deny the allegations in Paragraph 24 of the Petition

25.     As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer economic loss in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, as well as interest, costs and its attorneys' fees.

**ANSWER**:    Creager Parties deny the allegations of paragraph 25 of the Petition.

26.    In addition, upon information and belief, Defendants' unfair competition was malicious, wanton, reckless, willful and/or done with the intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

**ANSWER**:    Creager Parties deny the allegations of paragraph 26 of the Petition.

## COUNT IV
## Defamation

27.    Plaintiff restates and incorporates by reference each preceding paragraph in this Petition.

**ANSWER**:    Creager Parties incorporate by reference and re-allege each and every

Answer to Plaintiff's allegations contained in numerical Paragraphs 1 through 26 as though

fully set forth herein.

28.    Defendants have made false statements regarding Plaintiff and Plaintiff s business to Plaintiff s customers and staff with the intent to injure Plaintiff.

**ANSWER**:    Creager Parties deny the allegations of paragraph 28 of the Petition.

29.    Defendants' conduct constitutes defamation in violation of Oklahoma law.

**ANSWER**:    Paragraph 29 of the Petition asks for a legal conclusion, and therefore,

Creager Parties deny the allegations in Paragraph 29 of the Petition.

30.    Such activities cause and/or will cause irreparable harm to Plaintiff for which Plaintiff has no remedy at law; as a result, Plaintiff is entitled to an injunction prohibiting Defendants' defamation.

**ANSWER**:    Paragraph 30 of the Petition asks for a legal conclusion, and therefore,

Creager Parties deny the allegations in Paragraph 30 of the Petition.

31.    As a direct and proximate result of Defendants' defamation, Plaintiff has suffered economic losses in an amount to be determined at trial for which Plaintiff is entitled to monetary damages, interest, costs and its attorneys' fees.

**ANSWER**:   Creager Parties deny the allegations of paragraph 31 of the Petition.

32.     In addition, upon information and belief, Defendants' defamation was malicious, wanton, reckless, willful and/or done with intent to injure Plaintiff, thereby entitling Plaintiff to exemplary damages in an amount to be determined at trial.

**ANSWER**:   Creager Parties deny the allegations of paragraph 32 of the Petition.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

In response to Plaintiff's prayer for relief, Creager Parties deny each and every allegation contained therein and, further, Creager Parties specifically deny that Plaintiff is entitled to any of the relief requested in the Petition; specifically deny that Plaintiff has been damaged by any acts of Creager Parties in any way or that Plaintiff is entitled to any award of damages, costs, expenses, interest or of enhanced damages; and specifically deny that Plaintiff is entitled to attorney's fees.

## RESPONSE TO PLAINTIFF'S DEMAND FOR A JURY TRIAL

Plaintiff's demand for a jury trial is not a factual allegation, and Creager Parties accordingly are not required to provide a response.

## CREAGER PARTIES' AFFIRMATIVE DEFENSES

Creager Parties allege the following as separate and affirmative defenses to the Plaintiff's Petition. By virtue of having listed the following defenses, Creager Parties do not assume any legal or factual burden not otherwise assigned to it under the law:

1.     Plaintiff's claims fail to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred by reason of estoppel, waiver, or laches.

3.     Plaintiff's claims are barred by reason of unclean hands.

4.      Plaintiff's claims were not filed to protect any legitimate legal rights of Plaintiff, but to harass, oppress, and damage Creager Parties.

5.      Creager Parties acted in good faith at all times.

Creager Parties reserve the right to assert additional defenses learned through discovery in this action.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## CREAGER SERVICES' COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

For its Counterclaims and Third-Party Claims of copyright infringement, inducement of copyright infringement, federal unfair competition and false designation of origin, violations of the Oklahoma Deceptive Trade Practices Act, and Oklahoma common law unfair competition law, Creager Services complains and alleges against Plaintiff/Counter-Defendant I Dig Texas, LLC, and additional Third-party Defendants Thomas Marek, and Mary Marek (collectively, with I Dig Texas, LLC, "Marek Parties"), and states as follows:

### THE PARTIES

1. Upon information and belief, I Dig Texas, LLC is a limited liability company organized and existing under the laws of the State of Texas and having a place of business at 4021 US-281 South Marble Falls, TX 78654.

2. Upon information and belief, Third-Party Defendant Thomas Marek is a resident of the State of Texas.

3. Upon information and belief, Third-Party Defendant Mary Marek is a resident of the State of Texas.

4. Defendant/Counter-Plaintiff/Third-Party Plaintiff Creager Services, LLC is a limited liability company organized and existing under the laws of the State of Oklahoma, having a place of business at 396963 W 1300 Road, Dewey, OK 74029.

## **JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction over Creager Services'
counterclaims and third-party claims of copyright infringement and inducement of
copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, pursuant to 28
U.S.C. § 1338(a). This Court has further jurisdiction over Creager Parties' counterclaims
and third-party claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* for federal
unfair competition and false designation of origin. This Court has supplemental jurisdiction
over Creager Services' claims for violations of the Oklahoma Deceptive Trade Practices
Act and Oklahoma common law unfair competition law under 28 U.S.C. § 1367.

6.     This Court has personal jurisdiction over the Marek Parties, which conduct
business within the State of Oklahoma and within this District. Additionally, at least some
of the harm caused by Marek Parties' contacts was directed to and felt by Creager Services
within the State of Oklahoma and within this District.

7.     Venue is proper in this district because Plaintiff/Counter-Defendant I DIG
Texas, LLC, brought its action in a court in this District and thereby consented to venue.
Moreover, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(a)
in that, among other things, a substantial part of the events or omissions giving rise to the
claims herein have occurred, and continue to occur, in this judicial district. At least one
Third-Party Defendant or Third-Party Defendant also maintains a place of business in this
District.

## FACTUAL ALLEGATIONS

### The Marek Parties' Unlawful Conduct and Trade Practices

8.      Creager Services is a company in the business of buying, leasing, selling, renting, and distributing industrial equipment parts, such as skid steer attachments, for use with industrial equipment, in addition to other outdoor maintenance and hunting products and services.

9.      Since its inception in October 2017, Creager Services has gained a reputation for operating with excellent customer service and providing its products, services, and expertise at affordable prices.

10.      Upon information and belief, I Dig Texas has been in operation since September 2002 as a company seemingly also in the industrial equipment business.

11.      Upon information and belief, I Dig Texas was known as "Texas Hydroponics LLC" until August 2018 when its Articles of Incorporation were amended changing the entity's name to "I Dig Texas."

12.      Upon information and belief, the Marek Parties have intentionally and/or recklessly engaged in unfair and deceptive business practices, including falsely representing that I Dig Texas's products originate in the United States; falsely publishing that the Creager Parties tried to create consumer confusion by deceptive advertising; falsely representing Creager Parties' business operations as unlawful; and passing off Creager Services' products, including its industrial equipment products, as those of another.

13.     In November 2020, Mary Marek, on behalf of the Marek Parties, accused Creager Services of trademark infringement by virtue of Creager Services' use of a stock image in signage.

14.     Creager Services responded that it lawfully licensed that particular image through a third-party website, https://www.canstockphoto.com, which specifically prohibits its licensed images from being incorporated into a logo, trademark, or service mark, and Creager Services heard nothing more from Mary Marek or any of the other Marek Parties on the matter.

15.     Then, on or around April 20, 2021, the Marek Parties, using the alias "Karen Sideshow," represented to the public (on Creager Services' Google page) that Creager Services lied about the origin of its products and tried to create consumer confusion by deceptively advertising under a competitor's logo:



**Creager Equipment**
Equipment rental agency
**PLACE DETAILS**



**K** Karen Sideshow

★☆☆☆☆ 6 months ago                                    ⋮

I was shopping for a post driver for my husband and found this company. I found their website explicitly says "All equipment made in America." Buyer beware, this is not true. The Montana Post Driver apparently is Made in China 100% upon some simple research. I was shopping around and also found they were using a competitor's logo in their advertising. I purchased the "competitor's" Texas Post Driver and my husband absolutely LOVES IT. $95 shipped right to me, did not even have to leave the house. Although I live w/in an hour of this business I am happy I did my research. Shame on any company trying to create confusion for the consumer! DECEPTIVE ADVERTISING. So why would a consumer trust a company that uses these types of practices to promote their business?

👍 Like        ↝ Share

16.     On or around April 23, 2021, Thomas Marek posted a review about Creager Services on Google, falsely accusing Creager Services of unlawful use of an image that is a part of I Dig Texas's logo.

17.     Upon information and belief, between or around April 28, 2021, Thomas Marek and the Marek Parties began contacting Creager Services' vendors and business partners and falsely represented the nature of Creager Services'' business practices causing permanent harm to Creager Services' reputation and loss of revenues and business.

18.     Upon information and belief, the Marek Parties intentionally sought to interfere with Creager Services' contractual relationships with its vendors and customers.

19.     Upon information and belief, the Marek Parties have attempted to unlawfully coerce Creager Services' vendors and customers, and prospective vendors and/or

customers, to not engage with Creager Services and to forfeit doing business with Creager Services, at least in part by promising to place large orders with vendors on the condition that such vendors discontinue selling to Creager Services.

20.    Upon information and belief, the Marek Parties have sought to induce termination of Defendant Kerry Creager from employment with Phillips 66 in order to harm the Creager Parties.

21.    Upon information and belief, the Marek Parties have done so willfully and maliciously.

**The Marek Parties' Unauthorized Use of Creager Services' Copyrighted Works and Continuing Unlawful Practices**

22.    Between March and May 2021, Creager Services published the two photographs shown below ("Copyrighted Works") in connection with marketing its products and services:





23.    Creager Services used the Copyrighted Works in advertisements to market the shown Montana Post Drivers in multiple distinct marketplaces in at least Oklahoma and Texas:





24.     The Copyrighted Works are registered with the United States Copyright Office. Registration No. VA0002271487, a true and correct copy of which is attached hereto as Exhibit 1.

25.     On October 2, 2021, in an email to Kerry Creager and in response to an advertisement posted by Creager Services including its Copyrighted Works, Thomas Marek indicated he personally was profiting from the Marek Parties' unauthorized use of the Copyrighted Works. A true and correct copy of Thomas Marek's October 2, 2021, email to Mr. Creager is attached here to Exhibit 2.

26.     Upon information and belief, the aforementioned profits are a direct result of the Marek Parties' copyright infringement, inducement of copyright infringement, unfair competition, and deceptive trade practices.

27.     Between and around October 3 to 11, 2021, Marek Parties advertised (below) a circle-backslash symbol reading "MADE IN CHINA" adjacent to Creager Services'

Copyrighted Works depicting its products and a statement "DON'T BUY 110% MADE IN CHINA - MONTANA Post Drivers Driver WHY?"



28.     Upon information and belief, Third-Party Defendants Thomas Marek and Mary Marek are the sole members of I Dig Texas and therefore are in sole control of its operations, including its advertising operations, and in further control of its employees and other agents.

29.     Upon information and belief, Third-Party Defendants Thomas Marek and Mary Marek directed an agent of I Dig Texas to perform such acts infringing Creager Services' Copyrighted Works on behalf of I Dig Texas.

30.     Upon information and belief, Third-Party Defendants Thomas Marek and Mary Marek directed and are responsible for such infringing use of Creager Services' Copyrighted Works, and have been aware, since prior to the acts complained of herein, that its use of Creager Services' Copyrighted Works constitutes infringement.

31. Upon information and belief, Third-Party Defendants Thomas Marek and Mary Marek benefitted from the infringing use of Creager Services' Copyrighted Works, including at least in part by way of the aforementioned profits.

32. Upon information and belief, Marek Parties also posted the above advertisements in order to pass off Creager Services' industrial equipment products as their own.

33. Marek Parties posted the above advertisements including Creager Services' Copyrighted Works in at least the Tulsa, Oklahoma City, Dallas, and San Antonio marketplaces. Thus, the financial and reputational harm caused by Marek Parties to Creager Services was and continues to be interstate.

34. The proximity of the "MADE IN CHINA" symbols and the "DON'T BUY 110% MADE IN CHINA" statement regarding the photographs of Creager Services' products is a representation to consumers that Creager Services' products originated in China. The shown "Montana Post Drivers" do, in fact, originate from China, and Creager Services has never represented to the contrary.

35. However, Marek Parties simultaneously advertised that the Montana Post Drivers are "MADE IN USA" on its website, as indicated below:



36.     The linked "Tour Video" further displays the Montana Post Drivers, misleading consumers to believe they are "MADE IN USA," as shown:



37. Upon information and belief, the Marek Parties no longer sell the Montana Post Drivers, but have begun offering for sale a product called the Texas Post Driver, which is based on the design of the Montana Post Driver.

38. The Marek Parties offer an economy and premium version of the Texas Post Driver.

39. As they did with the Montana Post Driver, the Marek Parties falsely represent that its Texas Post Drivers are made in the United States, even though the power units of all models are made in China, and the Economy model is fully-made in China.

40. Creager Services has been damaged and are likely to be further damaged by Marek Parties' deceptive trade practices, unfair methods of competition, and unlawful use of Creager Services' Copyrighted Works.

## CAUSES OF ACTION

### COUNT I
### COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

41. Creager Services repeats and realleges paragraphs 1 through 40 above as if fully set forth herein.

42. Creager Services' photographs constitute original visual works containing copyrightable subject matter for which copyright protection exists under the Copyright Act. Creager Services is the exclusive owner of rights under copyright in and to the Copyrighted Works.

43. Creager Services owns a valid copyright registration for the Copyrighted Works. (Exhibit 1).

44.     Marek Parties' conduct as alleged herein caused immediate and irreparable harm and injury to Creager Services, and to its goodwill and reputation, and will continue to damage Creager Services unless enjoined by this court. Creager Services have no adequate remedy at law.

45.     Creager Services are entitled to, among other relief, injunctive relief and an award of actual damages, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under the Copyright Act, 17 U.S.C. § 504, together with prejudgment and post-judgment interest.

## COUNT II
## INDUCEMENT OF COPYRIGHT INFRINGEMENT

46.     Creager Services repeats and realleges paragraphs 1 through 45 above as if fully set forth herein.

47.     Upon information and belief, Thomas Marek and Mary Marek, as members of I Dig Texas, are in sole control of I Dig Texas and, therefore, are in control of its operations and employees.

48.     Upon information and belief, Thomas Marek and Mary Marek directed an agent of I Dig Texas to carry out the infringing acts.

49.     Upon information and belief, Thomas Marek and Mary Marek had knowledge of Creager Services' Copyrighted Works and actively contributed to the infringement.

50.     Upon information and belief, Thomas Marek and Mary Marek induced and/or encouraged direct infringement of Creager Services' Copyrighted Works, or

profited from the direct infringement of Creager Services' Copyrighted Works while declining to exercise a right to stop or limit it.

51.     Upon information and belief, Thomas Marek and Mary Marek willfully induced infringement of Creager Services' Copyrighted Works.

52.     Thomas and Mary Marek's conduct as alleged herein caused immediate and irreparable harm and injury to Creager Services, and to their goodwill and reputation, and will continue to both damage Creager Services unless enjoined by this court. Creager Services has no adequate remedy at law.

53.     Creager Services is entitled to, among other relief, injunctive relief and an award of actual damages, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under the Copyright Act, 17 U.S.C. § 504, together with prejudgment and post-judgment interest.

**COUNT III**
**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

54.     Creager Services repeats and realleges paragraphs 1 through 53 above as if fully set forth herein.

55.     The aforesaid acts of Marek Parties constitute acts of unfair competition and palming off in violation of the Lanham Act, 15 U.S.C. § 1125(a), impacting interstate commerce as Oklahoma and non-Oklahoma residents are customers of both Creager Services and Marek Parties.

56. Marek Parties' misrepresentations of Creager Services' business operations has injured Creager Services' commercial interest in its sales and profits, its business, its business reputation, and its goodwill, in an amount of damages to be determined at trial.

57. Marek Parties' depictions of goods sold and advertised by Creager Services in the Marek Parties' own advertising is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the products offered for sale by the Marek Parties with those offered for sale by Creager Services, and is likely to cause consumers to believe, contrary to fact, that Marek Parties' products are sold, authorized, endorsed, or sponsored by Creager Services, or that Marek Parties are in some way affiliated with or sponsored by Creager Services.

58. Marek Parties' depictions and statements indicating that their products are made in the United States, when all or substantially all of the working parts are made in China as alleged herein constitute use of a false designation of origin and misleading description and representation of fact.

59. Upon information and belief, Marek Parties' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the origin of Creager Services' products.

60. Marek Parties' conduct as alleged herein constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

61. Creager Services is entitled to, among other relief, injunctive relief and an award of actual damages, Marek Parties' profits, enhanced damages and profits, reasonable

attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT IV**
**VIOLATION OF OKLAHOMA DECEPTIVE TRADE PRACTICES ACT**
**(Okla. Stat. tit. 78, § 51 *et seq*.)**

62.     Creager Services repeats and realleges paragraphs 1 through 61 above as if fully set forth herein.

63.     The acts of Marek Parties constitute deceptive trade practices as defined in the Oklahoma Deceptive Trade Practices Act, Okla. Stat. tit. 78, § 51 *et seq* ("ODTPA").

64.     Particularly, Marek Parties are a competitor of Creager Services and have violated the ODTPA because they, at the very least, have:

  a.  Passed off Creager Services' products as their own;

  b.  Knowingly made false representations as to the source, sponsorship, approval, or certification of products or services;

  c.  Knowingly made false representations as to affiliation, connection, association with, or certification by another;

  d.  Used deceptive representations or designations of geographic origin in connection with goods or services;

  e.  Represented that goods or services are a particular standard, quality, or grade, or that goods are a particular style or model, if that are another; and

  f.  Disparaged the goods, services, or business of Creager Services by false or misleading representations of fact.

65.     Marek Parties' statements, and intended coercion, to Creager Services' vendors and customers and prospective vendors and customers constitute tortious interference with Creager Services' business.

66.     These actions have directly and proximately caused injury and damages to Creager Services.

67.     Creager Services has no adequate remedy at law for the wrongful actions of Marek Parties.

68.     As a result of Marek Parties' actions, Creager Services has suffered damages in an amount to be proven at trial.

## COUNT V
## OKLAHOMA COMMON LAW UNFAIR COMPETITION

69.     Creager Services repeats and realleges paragraphs 1 through 68 above as if fully set forth herein.

70.     Marek Parties are willfully, fraudulently, oppressively, maliciously and unlawfully attempting to pass off, and are actually passing off, goods and services as those of Creager Services.

71.     Marek Parties' misrepresentations of Creager Services' business operations has injured Creager Services' commercial interest in their sales and profits, their business, their business reputation, and their goodwill, in an amount of damages to be determined at trial.

72.     Marek Parties' depictions of goods sold and advertised by Creager Services in the Marek Parties' own advertising is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the products offered for sale by the Marek Parties with those offered for sale by Creager Services, and is likely to cause consumers to believe, contrary to fact, that Marek Parties' products are sold, authorized, endorsed, or sponsored

by Creager Services, or that Marek Parties are in some way affiliated with or sponsored by Creager Services.

73.    Marek Parties' depictions and statements indicating that their products are made in the United States, when all or substantially all of the working parts are made in China as alleged herein constitute use of a false designation of origin and misleading description and representation of fact.

74.    Marek Parties' depictions and statements indicating that Creager Services' products are made in China as alleged herein constitute use of a false designation of origin and misleading description and representation of fact.

75.    Marek Parties' statements, and intended coercion, to Creager Services' vendors and customers and prospective vendors and customers constitute tortious interference with Creager Services' business.

76.    Marek Parties' identified acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great irreparable injury to Creager Services.

77.    Creager Services has no adequate remedy at law for the wrongful acts of Marek Parties.

78.    As a result of Marek Parties' identified acts, Creager Services has suffered and will continue to suffer damages in an amount to be proven at trial.

## <u>CREAGER PARTIES' PRAYER FOR RELIEF</u>

**WHEREFORE**, Creager Services prays for judgment against Marek Parties as follows:

1. A judgment that Creager Parties have not engaged in the acts alleged by Plaintiff in the Petition;

2. That Marek Parties infringed Creager Services' rights in its Copyrighted Works;

3. That Marek Parties and their agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns, be both preliminarily and permanently enjoined from directly or indirectly:

a. Using Creager Services' Copyrighted Works, or any reproduction, counterfeit, copy, or colorable imitation of the same, in any form, in connection with its operation as a business; and

b. Passing off of Creager Services' products or services as in anyway affiliated or endorsed by Marek Parties; and

c. Making false representations about Creager Services' business operations, including that Creager Services has engaged in unlawful activities or intentionally or recklessly deceived consumers; and

d. Making representations about Creager Services in order to coerce Creager Services' vendors and customers and prospective vendors and customers to not engage in business, or to forfeit business engagements, with Creager Services.

e. Making representations that I Dig Texas's products originate in the United States when and where they in fact do not.

4. That Marek Parties account to Creager Services for all sales and profits from the sale of goods or services resulting from its wrongful conduct, or for any sum in addition to that amount the Court and/or jury awards;

5. That Marek Parties disgorge their profits and other ill-gotten gains resulting from its wrongful conduct;

6. That Creager Services be awarded treble, punitive, and/or exemplary damages in view of Marek Parties' willful, wanton, and/or deliberate illegal acts committed with oppression, fraud, malice, and/or in reckless disregard of the rights of Creager Services;

7. That this case be found exceptional and that Creager Services be awarded attorneys' fees pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 505, and Okla. Stat. tit. 78, § 54;

8. That Creager Services recover all taxable costs of this action, including reasonable attorneys' fees and both pre- and post-judgment interest; and

9. That Creager Services be awarded such other and further relief as this Court deems just and proper.

### <u>CREAGER PARTIES' DEMAND FOR A JURY TRIAL</u>

Creager Parties demand a trial by jury on all issues so triable.

DATED: April 7, 2022                     Respectfully submitted,


                                         */s/Evan W. Talley*
                                         Evan Talley (OK Bar 22923)
                                         **DUNLAP CODDING, P.C.**

609 West Sheridan Avenue
Oklahoma City, OK 73102
Tel: 405. 607.8600
etalley@dunlapcodding.com

## CERTIFICATE OF SERVICE

I certify that on April 7, 2022, a true and correct copy of the foregoing document was sent via US Mail, postage prepaid to the following:

Ronald Shinn, Jr.
Zachary Oubre
Nathan Arrington
McAfee & Taft
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK

/s/*Evan W. Talley*
Evan W. Talley